[Cite as *State v. Lewis*, 2011-Ohio-4069.]

| | | |
|---|---|---|
| STATE OF OHIO | )<br>)ss: | IN THE COURT OF APPEALS<br>NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| | | |
|---|---|---|
| STATE OF OHIO | | C.A. No. 25661 |
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT<br>ENTERED IN THE |
| JEFFREY E. LEWIS | | COURT OF COMMON PLEAS<br>COUNTY OF SUMMIT, OHIO |
| Appellant | | CASE Nos. CR 97 01 0011(C)<br>CR 09 08 2667 |

## DECISION AND JOURNAL ENTRY

Dated: August 17, 2011

BELFANCE, Presiding Judge.

{¶1} Jeffrey Lewis appeals the trial court's denial of his motion for sentencing. For the reasons set forth below, we affirm.

I.

{¶2} In January 2010, Mr. Lewis pleaded guilty to trafficking in cocaine, a second-degree felony, and the trial court sentenced him to four years in prison. Mr. Lewis did not appeal his sentence, rather, eight months later, he filed a motion for sentencing, arguing that his sentence was void because the trial court had failed to either find him indigent or to impose a fine. The trial court denied his motion. He has appealed, raising two assignments of error for review.

II.

## ASSIGNMENT OF ERROR I

"THE APPELLANT ASSERTS THAT THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT BY DENYING HIS MOTION TO VACATE [A] VOID JUDGMENT OF SENTENCE FOR LACK OF COMPLIANCE WITH THE DICTATES FOUND IN [R.C.] 2929.18(B)(1) TO (sic) WHICH DEPRIVED THE APPELLANT OF BOTH HIS RIGHTS UNDER THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE ONE SECTION SIXTEEN OF THE OHIO CONSTITUTION IN REGARDS TO HIS DUE COURSE AND DUE PROCESS GUARANTEES."

{¶3}    Mr. Lewis argues that, because the trial court failed to impose a fine or to find him indigent, it did not comply with the statutory sentencing requirements, and, therefore, his sentence is void. Mr. Lewis pleaded guilty to a second-degree felony of trafficking cocaine in violation R.C. 2925.03(A). R.C. 2925.03(D)(1) provides that:

> "[i]f the violation of [R.C. 2925.03(A)] is a felony of the first, second, or third degree, the court shall impose upon the offender the mandatory fine specified for the offense * * * unless * * * the court determines that the offender is indigent."

{¶4}    After the parties filed their briefs, this Court decided *State v. Jones*, 9th Dist. No. 10CA0022, 2011-Ohio-1450. In *Jones*, the defendant argued that the sentences for his convictions for possession of cocaine were void because the trial court had not imposed a fine or found that he was indigent as required by R.C. 2925.11(E)(1)(a). Id. at ¶¶4-5. In concluding the sentence in *Jones* was not void, we noted that, in *State v. Joseph*, 125 Ohio St.3d 76, 2010-Ohio-954, the Ohio Supreme Court had decided a similar issue wherein it determined that a failure to impose court costs as required by statute did not render the sentence void. *Jones* at ¶7; see, *Joseph* at ¶1 ("[A] court errs in imposing court costs without so informing a defendant in court but that error does not void the defendant's entire sentence."). In contrast to its reasoning in its post-release control line of cases, the Ohio Supreme Court found that court costs differed from

post-release control in three significant ways: "(1) they could be waived; (2) '[n]o other entity derives its jurisdiction from the court's imposition of costs[;]' and (3) 'costs are not punishment, but more akin to a civil judgment for money.'" *Jones* at ¶7, quoting *Joseph* at ¶¶18–20, quoting *State v. Threatt*, 108 Ohio St.3d 277, 2006-Ohio-905, at ¶15.

{¶5} Based on the Ohio Supreme Court's holding in *Joseph*, this Court concluded that,

"[while] the mandatory fine for a violation of [R.C. 2925.11(A)] is a punishment, * * * it does share the other attributes that distinguish court costs from post-release control. As with the court costs in *Joseph*, the trial court is required by statute to impose the fine, but there exists a mechanism by which the fine may be waived. See R.C. 2929.18(B)(1). Further, failure to impose a mandatory fine does not affect the powers of other branches of government. Accordingly, while the trial court erred in not imposing a mandatory fine, or making a finding of indigency, this error does not render Mr. Jones's sentences void." *Jones* at ¶8.

{¶6} The language of R.C. 2925.03(D)(1) tracks the language in R.C. 2925.11(E)(1)(a). Thus, this Court's reasoning in *Jones* is applicable to Mr. Lewis's assignment of error. Therefore, while the trial court erred when it failed to impose a fine, Mr. Lewis's sentence is not void. *Jones* at ¶8.

{¶7} Mr. Lewis's first assignment of error is overruled.

**ASSIGNMENT OF ERROR II**

"THE APPELLANT ASSERTS THAT THE TRIAL COURT FAILED TO COMPLY BY THE DICTATES FOUND IN CRIMINAL RULE 32(C) IN ORDER FOR THE JUDGMENT ENTRY TO BE A FINAL[,] APPEALABLE ORDER[,] THUS[,] DEPRIVING THE APPELLANT [OF] BOTH HIS RIGHTS TO DUE COURSE AND DUE PROCESS OF LAW ACCORDING TO THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE ONE SECTION SIXTEEN OF THE OHIO CONSTITUTION."

{¶8} While Mr. Lewis alleges that the trial court failed to comply with Crim.R. 32(C), he merely reiterates his contention that his sentence is void. However, as discussed above, his sentence is not void. Furthermore, "[a] judgment of conviction is a final appealable order under

R.C. 2505.02 when it sets forth (1) the guilty plea, the jury verdict, or the finding of the court upon which the conviction is based; (2) the sentence; (3) the signature of the judge; and (4) entry on the journal by the clerk of court." *State v. Baker*, 119 Ohio St.3d 197, 2008-Ohio-3330, at syllabus. As the trial court's sentencing entry satisfied all of these requirements, it constituted a final, appealable order.

{¶9}    Mr. Lewis's second assignment of error is overruled.

### III.

{¶10}  Mr. Lewis's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
EVE V. BELFANCE
FOR THE COURT

WHITMORE, J.
DICKINSON, J.
CONCUR

APPEARANCES:

JEFFREY E. LEWIS, pro se, Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and RICHARD S. KASAY, Assistant Prosecuting Attorney, for Appellee.