[Cite as *State v. Rucker*, 2012-Ohio-2176.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

STATE OF OHIO

    Appellee

    v.

DEWITT RUCKER

    Appellant

C.A. No.     26212

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CR 2009-01-0047C

DECISION AND JOURNAL ENTRY

Dated: May 16, 2012

WHITMORE, Presiding Judge.

{¶1} Defendant-Appellant, Dewitt Rucker, appeals from the judgment of the Summit County Court of Common Pleas. This Court affirms.

I

{¶2} In July 2009, a jury convicted Rucker of multiple offenses, including first-degree felony trafficking in cocaine. The trial court sentenced Rucker to a prison term on the trafficking count, but did not impose a mandatory fine. In October 2010, Rucker filed a motion for resentencing to correct a void judgment. Rucker argued that his sentence was void because the trial court never ordered him to pay the mandatory fine set forth in R.C. 2925.03(D)(1). The trial court denied Rucker's motion.

{¶3} Rucker now appeals from the trial court's judgment and raises one assignment of error for our review.

II

Assignment of Error

THE APPELLANT ASSERTS THAT THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT BY DENYING HIS MOTION TO VACATE AND VOID JUDGMENT OF SENTENCE FOR LACK OF COMPLIANCE WITH THE DICTATES FOUND IN OHIO REVISED CODE 2929.18(B)(1) TO (sic) WHICH DEPRIVED THE APPELLANT OF BOTH HIS RIGHTS UNDER THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE ONE SECTION SIXTEEN OF THE OHIO CONSTITUTION IN REGARDS TO HIS DUE COURSE AND DUE PROCESS GUARANTEES.

**{¶4}** In his sole assignment of error, Rucker argues that the trial court erred by denying his motion to vacate his sentence as void. We disagree.

**{¶5}** R.C. 2925.03(D)(1) mandates the imposition of a fine for an offender convicted of first-degree felony trafficking unless the court determines that the offender is indigent. The trial court here never determined that Rucker was indigent. Accordingly, Rucker argues that his sentence is void because it is missing an essential element: the mandatory fine set forth in R.C. 2925.03(D)(1). This Court addressed the same argument in *State v. Lewis*, 9th Dist. No. 25661, 2011-Ohio-4069. In *Lewis*, this Court held that a trial court's failure to impose R.C. 2925.03(D)(1)'s mandatory fine amounts to error, but does not void the defendant's sentence. *Lewis* at ¶ 5-6. The same result controls here. "[W]hile the trial court erred [by] fail[ing] to impose a fine, [Rucker's] sentence is not void" as a result. *Id.* at ¶ 6. As such, the trial court correctly denied Rucker's motion for resentencing. Rucker's sole assignment of error is overruled.

III

**{¶6}** Rucker's sole assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

3

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

BETH WHITMORE
FOR THE COURT

MOORE, J.
DICKINSON, J.
CONCUR

APPEARANCES:

DEWITT RUCKER, pro se, Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and RICHARD S. KASAY, Assistant Prosecuting Attorney, for Appellee.