[Cite as *State v. Tran*, 2012-Ohio-2980.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

STATE OF OHIO

    Appellee

    v.

HENRY T. TRAN a.k.a. JOHN DOE

    Appellant

C.A. No.      11CA0078-M

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF MEDINA, OHIO
CASE No.     06-CR-0369

DECISION AND JOURNAL ENTRY

Dated: June 29, 2012

---

BELFANCE, Judge.

{¶1} Defendant-Appellant Henry Tran, a.k.a. John Doe, appeals from the judgment of the Medina County Court of Common Pleas. For the reasons set forth below, we affirm.

I.

{¶2} In June 2006, Mr. Tran was indicted on one count of possession of drugs with four accompanying forfeiture specifications. A supplemental indictment was filed on August 17, 2006, charging Mr. Tran with two counts of conspiracy to commit possession of drugs, complicity to commit possession of drugs, illegal cultivation of marijuana, two counts of conspiracy to commit illegal cultivation of marijuana, complicity to commit illegal cultivation of marijuana, and seven forfeiture specifications accompanying each of the charges.

{¶3} In April 2007, Mr. Tran pleaded guilty to the indictment, including all of the specifications. The entry reflecting Mr. Tran's plea states that he "agrees to forfeit his interest in all items seized and listed in the indictment." Mr. Tran was sentenced in September 2007, to a

total of eight years in prison. In May 2010, Mr. Tran filed a pro se motion to vacate and void judgment of sentence, asserting his sentence was void because the trial court suspended a mandatory fine without determining that Mr. Tran was indigent and unable to pay the fine. The trial court denied Mr. Tran's motion, and Mr. Tran appealed from that entry.

{¶4} This Court concluded that Mr. Tran's 2007 sentencing entry was not final and appealable because the entry did not render judgment with respect to the forfeiture specifications. *State v. Tran*, 9th Dist. No. 10CA0065-M. Thus, we concluded that Mr. Tran's appeal from the denial of his motion to vacate was interlocutory and not final and appealable. *Id.*

{¶5} On June 14, 2011, the trial court issued a new sentencing entry which included the findings of guilt on all counts and specifications, a sentence for each count, and ordered forfeiture of various items. It is from this entry that Mr. Tran now appeals, pro se. Mr. Tran's assignments of error will be addressed out of sequence to facilitate our review.

II.

ASSIGNMENT OF ERROR II

THE APPELLANT ASSERTS THAT THE TRIAL COURT FAILED TO COMPLY WITH THE DICTATES FOUND IN CRIMINAL RULE 32(C) IN ORDER FOR THE JUDGMENT ENTRY TO BE A FINAL APPEALABLE ORDER DEPRIVING THE APPELLANT BOTH HIS RIGHTS TO DUE COURSE AND DUE PROCESS OF LAW ACCORDING TO THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE ONE SECTION SIXTEEN OF THE OHIO CONSTITUTION.

ASSIGNMENT OF ERROR III

THE TRIAL COURT ERRED TO THE SUPPLEMENTAL PREJUDICE OF APPELLANT WHEN IT FAILED TO ISSUE A FINAL ORDER WHERE ALL THE FORFEITED ITEMS WERE NOT ADDRESSED IN THE SENTENCING ORDER.

{¶6} Mr. Tran's arguments in his second and third assignments of error are difficult to follow. *See* App.R. 16(A)(7). It appears that he is asserting that the 2011 sentencing entry is not a final appealable order.

{¶7} The Supreme Court of Ohio held in *State v. Lester,* 130 Ohio St.3d 303, 2011-Ohio-5204, paragraph one of the syllabus, that "[a] judgment of conviction is a final order subject to appeal under R.C. 2505.02 when it sets forth (1) the fact of the conviction, (2) the sentence, (3) the judge's signature, and (4) the time stamp indicating the entry upon the journal by the clerk."

{¶8} The 2011 sentencing entry from which Mr. Tran has appealed includes, inter alia, Mr. Tran's plea of guilty to all of the counts and all of the specifications, the fact that the trial court found Mr. Tran guilty of the same, a prison sentence for each count, a list of the property the trial court ordered forfeited, the judge's signature, and a time stamp. Accordingly, the entry is in compliance with *Lester*. *Id*. Thus, we overrule Mr. Tran's second and third assignments of error.

## ASSIGNMENT OF ERROR I

THE APPELLANT ASSERTS THAT THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT BY DENYING HIS MOTION TO VACATE A VOID JUDGMENT OF SENTENCE FOR LACK OF COMPLIANCE WITH THE DICTATES FOUND IN OHIO REVISED CODE 2929.18(B)(1) TO WHICH DEPRIVED THE APPELLANT OF BOTH HIS RIGHTS UNDER THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE ONE SECTION SIXTEEN OF THE OHIO CONSTITUTION IN REGARDS TO HIS DUE COURSE AND DUE PROCESS GUARANTEES.

{¶9} Mr. Tran asserts in his first assignment of error that the trial court erred in denying his motion to vacate a void judgment of sentence because the trial court's suspension of the mandatory fine was not authorized by law absent establishment of Mr. Tran's indigency. We

do not agree because the error that Mr. Tran alleges does not render the sentence void; thus, the trial court did not err in denying his motion.

{¶10} The trial court stated in its sentencing entry that, "[p]ursuant to R.C. 2929.18(B)(1), a mandatory fine of $7,500.00 is suspended." Mr. Tran was convicted of violations of R.C. 2925.11 and 2925.04. Pursuant to R.C. 2925.11(E)(1)(a) and 2925.04(D)(1), Mr. Tran was subject to a mandatory fine, "unless, as specified in [R.C. 2929.18(B)(1),] the court determine[d] that [Mr. Tran] [wa]s indigent." R.C. 2919.18(B)(1) states that:

> For a first, second, or third degree felony violation of any provision of Chapter 2925., 3719., or 4729. of the Revised Code, the sentencing court shall impose upon the offender a mandatory fine of at least one-half of, but not more than, the maximum statutory fine amount authorized for the level of the offense pursuant to division (A)(3) of this section. If an offender alleges in an affidavit filed with the court prior to sentencing that the offender is indigent and unable to pay the mandatory fine and if the court determines the offender is an indigent person and is unable to pay the mandatory fine described in this division, the court shall not impose the mandatory fine upon the offender.

{¶11} With respect to R.C. 2925.11(E)(1)(a), this Court has previously concluded "while [a] trial court err[s] in not imposing a mandatory fine, or making a finding of indigency, this error does not render [the] sentences void." *State v. Jones*, 9th Dist. No. 10CA0022, 2011-Ohio-1450, ¶ 8. We note that the language of R.C. 2925.04(D)(1) tracks the language used in R.C. 2925.11(E)(1)(a). *See State v. Lewis,* 9th Dist. No. 25661, 2011-Ohio-4069, ¶ 6 (applying the reasoning of *Jones* to R.C. 2925.03(D)(1) given the similarities between it and R.C. 2925.11(E)(1)(a)); *see also State v. Rucker*, 9th Dist. No. 26212, 2012-Ohio-2176, ¶ 5. The trial court's entry suggests that it considered and applied R.C. 2929.18(B)(1). Even assuming there is some ambiguity in its choice of language, which we note might have been clarified if the transcripts were part of the record on appeal, the alleged error does not render Mr. Tran's sentence void. Thus, we conclude the trial court did not err in denying Mr. Tran's motion to

vacate a void sentence. *Rucker* at ¶ 5. As Mr. Tran's only argument is that the trial court erred in denying his motion to vacate a void sentence, we overrule his first assignment of error.

### III.

{¶12} In light of the foregoing, we overrule Mr. Tran's assignments of error and affirm the judgment of the Medina County Court of Common Pleas.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

EVE V. BELFANCE
FOR THE COURT

MOORE, P. J.
DICKINSON, J.
CONCUR.

APPEARANCES:

HENRY T. TRAN, pro se, Appellant.

DEAN HOLMAN, Prosecuting Attorney, and MATTHEW KERN, Assistant Prosecuting Attorney, for Appellee.