THE STATE OF OHIO, APPELLEE, *v.* LESTER, APPELLANT.

[Cite as *State v. Lester,* 130 Ohio St.3d 303, 2011-Ohio-5204.]

*Criminal procedure—Crim.R. 32(C)—Requirements for a judgment entry of conviction—Entry corrected as to formal requirement not subject to new appeal.*

(Nos. 2010-1007 and 2010-1372—Submitted April 6, 2011—Decided October 13, 2011.

APPEAL from and CERTIFIED by the Court of Appeals for Auglaize County, No. 2-10-20.

_____

**SYLLABUS OF THE COURT**

1. A judgment of conviction is a final order subject to appeal under R.C. 2505.02 when it sets forth (1) the fact of the conviction, (2) the sentence, (3) the judge's signature, and (4) the time stamp indicating the entry upon the journal by the clerk. (Crim.R. 32(C), explained; *State v. Baker*, 119 Ohio St.3d 197, 2008-Ohio-3330, 893 N.E.2d 163, modified.)

2. A nunc pro tunc judgment entry issued for the sole purpose of complying with Crim.R. 32(C) to correct a clerical omission in a final judgment entry is not a new final order from which a new appeal may be taken.

_____

**CUPP, J.**

{¶ 1} We are asked to determine this certified question: Is a nunc pro tunc judgment entry that is issued for the sole purpose of complying with Crim.R. 32(C) to correct a clerical omission in a prior final judgment entry a new final order from which a new appeal may be taken? We conclude that no new right of appeal is created by such an entry, and we affirm the judgment of the court of appeals.

## I. Background

{¶ 2} In 2006, a jury found appellant, Steven Lester, guilty of various crimes. Appellant was sentenced to prison, and he was advised at the sentencing hearing that he would be subject to postrelease control after completing his prison term. In accordance with Crim.R. 32(C), the judgment entry of conviction stated, "The Court finds the Defendant has been convicted of [abduction, theft, attempted felonious assault, and aggravated menacing]," but the judgment entry did not set out whether the conviction was based upon a guilty or no-contest plea or upon a bench trial or jury trial. Appellant appealed, and the Third District Court of Appeals vacated part of the sentence and remanded the cause for resentencing because of an error in the sentence regarding postrelease control. 3d Dist. No. 2-06-31, 2007-Ohio-4239. Appellant meanwhile filed a motion for postconviction relief, which was dismissed by the trial court. The dismissal was affirmed by the appellate court, and this court declined further discretionary review. 3d Dist. No. 2-07-23, 2007-Ohio-5627; 117 Ohio St.3d 1439, 2008-Ohio-1279, 883 N.E.2d 457.

{¶ 3} On remand, the trial court resentenced appellant to the same prison term to which it had originally sentenced him, and it corrected the postrelease-control portion of the sentence. Again, the sentencing entry stated, "The Court finds the Defendant has been convicted of [abduction, theft, attempted felonious assault, and aggravated menacing]," but the judgment entry did not set out how appellant's original convictions were effected, that is, whether they were based upon a guilty or no-contest plea, or findings after a bench trial, or a verdict after a jury trial.

{¶ 4} Appellant again appealed. The court of appeals affirmed the trial court's sentence. 3d Dist. No. 2-07-34, 2008-Ohio-1148. This court declined to accept a discretionary appeal. 119 Ohio St.3d 1413, 2008-Ohio-3880, 891 N.E.2d 771. Appellant then filed a second motion for postconviction relief, which the trial court also denied. The denial was affirmed by the appellate court, and this

court declined further review. (May 11, 2009), 3d Dist. No. 2-08-24; 122 Ohio St.3d 1524, 2009-Ohio-4776, 913 N.E.2d 459.

{¶ 5} On April 5, 2010, the trial court sua sponte filed a nunc pro tunc judgment entry. The nunc pro tunc entry supplemented the wording of the original resentencing judgment entry by adding the following sentence to the existing text: "The Court finds the Defendant has been convicted, *pursuant to a verdict at Jury Trial returned May 16, 2006*, of [abduction, theft, attempted felonious assault, and aggravated menacing]." (Emphasis sic.) Appellant filed a notice of appeal from this nunc pro tunc entry in the Third District Court of Appeals. Before the matter was set for briefing, the appellate court sua sponte dismissed the appeal for lack of jurisdiction. (May 12, 2010), 3d Dist. No. 2-10-20. The court concluded that the nunc pro tunc entry had been issued "for the sole purpose of retrospectively correcting a clerical omission in the prior sentencing judgment to comply with Crim.R. 32. No new or substantial right was affected under R.C. 2505.02(A)(1) [the final-order statute] by correction of the sentencing judgment to reflect what actually occurred and what clearly was evident throughout the record and, especially, to appellant. Appellant exhausted the appellate process when the resentencing judgment was reviewed and affirmed on appeal, and the Ohio Supreme Court declined to accept it on further appeal." The court held that the April 5, 2010 nunc pro tunc entry, consequently, was not a final order subject to appeal.

{¶ 6} Thereafter, appellant obtained a certification of a conflict of the decision in this case with that of *State v. Lampkin,* Lucas App. No. L-09-1270, 2010-Ohio-1971. We recognized the conflict and accepted appellant's discretionary appeal. 126 Ohio St.3d 1579 and 1581, 2010-Ohio-4542, 934 N.E.2d 353 and 354.

## II. Crim.R. 32(C) and *State v. Baker*

{¶ 7} As a threshold matter to the question presented in this appeal, we must address a separate issue: whether a judgment entry of conviction that states

the fact of defendant's conviction but does not state how the conviction was effected is nevertheless a final order from which an appeal may be taken. This issue arises because the judgment entry of conviction prior to the nunc pro tunc entry in the case now before us stated the fact of defendant's conviction but did not state whether the defendant was convicted through a guilty plea, a no-contest plea upon which the court made a finding of guilt, a finding of guilt based upon a bench trial, or a guilty verdict resulting from a jury trial. Resolution of this foregoing issue requires a discussion of Crim.R. 32(C) and our decision in *State v. Baker*, 119 Ohio St.3d 197, 2008-Ohio-3330, 893 N.E.2d 163.

{¶ 8} Crim.R. 32(C) specifies what a judgment entry of conviction must contain: "A judgment of conviction shall set forth the plea, the verdict, or findings, upon which each conviction is based, and the sentence."[1]  In *State v. Baker*, we confirmed that a judgment entry of conviction must contain the Crim.R. 32(C) elements to be final and subject to appeal: "A judgment of conviction is a final appealable order under R.C. 2505.02 when it sets forth (1) the guilty plea, the jury verdict, or the finding of the court upon which the conviction is based; (2) the sentence; (3) the signature of the judge; and (4) entry on the journal by the clerk of court."  119 Ohio St.3d 197, 2008-Ohio-3330, 893 N.E.2d 163, syllabus.

{¶ 9} In *Baker*, we also stated that Crim.R. 32 only requires a trial court "to sign and journalize a document memorializing the sentence and *the manner of the conviction*:  a guilty plea, a no contest plea upon which the court has made a finding of guilt, a finding of guilt based upon a bench trial, or a guilty verdict resulting from a jury trial." (Emphasis added.)  Id. at ¶ 14.  However, this foregoing sentence appears to have created confusion and generated litigation

---

1. {¶ a} The remainder of Crim.R. 32(C) provides:

{¶ b} "Multiple judgments of conviction may be addressed in one judgment entry.  If the defendant is found not guilty or for any other reason is entitled to be discharged, the court shall render judgment accordingly.  The judge shall sign the judgment and the clerk shall enter it on the journal.  A judgment is effective only when entered on the journal by the clerk."

regarding whether a trial court's inadvertent omission of a defendant's "manner of conviction" affects the finality of a judgment entry of conviction. See, e.g., *State v. Lampkin,* Lucas App. No. L-09-1270, 2010-Ohio-5988, certified conflict and discretionary appeal accepted, 127 Ohio St.3d 1544 and 1546, 2011-Ohio-647, 941 N.E.2d 802 and 803 (holding that a judgment of conviction that does not comply with *Baker* is not a final, appealable order); *State v. Tuggle,* Lucas App. No. L-09-1317, 2010-Ohio-4162, ¶ 4, discretionary appeal and cross-appeal not accepted, 128 Ohio St.3d 1411, 2011-Ohio-828, 942 N.E.2d 384 (finding that the appellant's original appeal was a legal nullity and that the appeal following resentencing was the appellant's first appeal as of right); *State v. Hooper*, Montgomery App. No. 22883, 2010-Ohio-4041, discretionary appeal accepted, 128 Ohio St.3d 1499, 2011-Ohio-2420, 947 N.E.2d 683 (rejecting the argument that an entry that omitted the manner of the conviction was not a final, appealable order); *State v. Heft* (June 4, 2010), Logan App. No. 8-10-05, discretionary appeal accepted, 127 Ohio St.3d 1449, 2010-Ohio-5762, 937 N.E.2d 1038 (holding that a nunc pro tunc judgment issued to correct a clerical error in the prior sentencing judgment to comply with Crim.R. 32 did not create a new right of appeal); *State v. Mitchell*, 187 Ohio App.3d 315, 2010-Ohio-1766, 931 N.E.2d 1157 (holding that a judgment of conviction that does not comply with *Baker* is not a final, appealable order).

{¶ 10} Accordingly, we begin by observing that the purpose of Crim.R. 32(C) is to ensure that a defendant is on notice concerning when a final judgment has been entered and the time for filing an appeal has begun to run. *State v. Tripodo* (1977), 50 Ohio St.2d 124, 127, 4 O.O.3d 280, 363 N.E.2d 719; App.R. 4(A).

{¶ 11} We further observe that Crim.R. 32(C) clearly specifies the substantive requirements that must be included within a judgment entry of conviction to make it final for purposes of appeal and that the rule states that those requirements "shall" be included in the judgment entry of conviction.

These requirements are the *fact* of the conviction, the sentence, the judge's signature, and the entry on the journal by the clerk. All of these requirements relate to the essence of the act of entering a judgment of conviction and are a matter of substance, and their inclusion in the judgment entry of conviction is therefore required. Without these substantive provisions, the judgment entry of conviction cannot be a final order subject to appeal under R.C. 2505.02. A judgment entry of conviction that includes the substantive provisions places a defendant on notice that a final judgment has been entered and the time for the filing of any appeal has begun. *Tripodo* at 127; App.R. 4(A).

{¶ 12} In contrast, when the substantive provisions of Crim.R. 32(C) are contained in the judgment of conviction, the trial court's omission of how the defendant's conviction was effected, i.e., the "manner of conviction," does not prevent the judgment of conviction from being an order that is final and subject to appeal. Crim.R. 32(C) does not require a judgment entry of conviction to recite the manner of conviction as a matter of substance, but it does require the judgment entry of conviction to recite the manner of conviction as a matter of form. The identification of the particular method by which a defendant was convicted is merely a matter of orderly procedure rather than of substance. A guilty plea, a no-contest plea upon which the court has made a finding of guilt, a finding of guilt based upon a bench trial, or a guilty verdict resulting from a jury trial explains how the fact of a conviction was effected. Consequently, the finality of a judgment entry of conviction is not affected by a trial court's failure to include a provision that indicates the manner by which the conviction was effected, because that language is required by Crim.R. 32(C) only as a matter of form, provided the entry includes all the substantive provisions of Crim.R. 32(C).

{¶ 13} This analysis is not contrary to *Baker*. The circumstances and question presented in this case are distinguishable from those presented in *Baker,* which asked whether the term "the plea" in Crim.R. 32(C) means a plea entered by the defendant at arraignment or a plea that is the basis of a conviction. Our

6

specific holding was that the term "the plea" in Crim.R. 32(C) means a plea of guilty upon which the court bases the conviction and not the plea at arraignment that is not a basis for the defendant's conviction. *Baker*, 119 Ohio St.3d 197, 2008-Ohio-3330, 893 N.E.2d 163, at ¶ 2, 19. The phrase "manner of conviction," which is not included within the text of Crim.R. 32(C), was used in *Baker* to contrast the initial plea at arraignment, which was not the basis of a conviction, with the term "the plea" as used in Crim.R. 32(C), which specifies that the relevant plea is the one or ones "upon which each conviction is based." *Baker* at ¶ 19. Moreover, there is no detriment to a defendant if the particular method by which a conviction was effected is not set out in the judgment entry. The manner by which a defendant is convicted would be evident throughout the record and apparent to the defendant, particularly when a defendant challenges the validity of a judgment entry of conviction in a postconviction motion after the exhaustion of the appellate process.

{¶ 14} Nevertheless, to the extent that *Baker* implies, or has been interpreted to require, that more than the fact of conviction and the substantive provisions of Crim.R. 32(C) must be set out in the judgment entry of conviction before it becomes a final order, we modify the holding in *Baker*. We hold that a judgment of conviction is a final order subject to appeal under R.C. 2505.02 when the judgment entry sets forth (1) the fact of the conviction, (2) the sentence, (3) the judge's signature, and (4) the time stamp indicating the entry upon the journal by the clerk.

{¶ 15} Notwithstanding the foregoing, because a statement of how a defendant's conviction was effected is required by Crim.R. 32(C) within a judgment entry of conviction as a matter of form, a defendant is entitled to an order that conforms to Crim.R. 32(C). We observed in *Baker* that Crim.R. 32(C) specifies that a trial court is to state the method by which a defendant's conviction was effected in "an order that sets forth the manner of conviction and the sentence." 119 Ohio St.3d 197, 2008-Ohio-3330, 893 N.E.2d 163, at ¶ 18. See

also *State ex rel. Alicea v. Krichbaum*, 126 Ohio St.3d 194, 2010-Ohio-3234, 931 N.E.2d 1079, ¶ 2 (judgment entry complied with Crim.R. 32(C) by stating that the defendant was convicted after a jury trial); *State ex rel. Barr v. Sutula,* 126 Ohio St.3d 193, 2010-Ohio-3213, 931 N.E.2d 1078, ¶ 2; *State ex rel. Culgan v. Medina Cty. Court of Common Pleas*, 119 Ohio St.3d 535, 2008-Ohio-4609, 895 N.E.2d 805, ¶ 10 (judgment entry of conviction did not comply with Crim.R. 32(C), because only the general phrase "has been convicted" was included, with no indication of the "manner of conviction"); *Dunn v. Smith*, 119 Ohio St.3d 364, 2008-Ohio-4565, 894 N.E.2d 312, ¶ 7 (same).

{¶ 16} Consequently, if a judgment entry of conviction does not indicate how a defendant's conviction was effected, whether it was by a guilty plea, a no-contest plea upon which the court has made a finding of guilt, a finding of guilt based upon a bench trial, or a guilty verdict resulting from a jury trial, and if it is not corrected by the court sua sponte, as was done in this case, a party may obtain a correction to the judgment entry by a motion filed with the trial court to correct the judgment of conviction. See Crim.R. 36, in conjunction with Crim.R. 57(B) and 47 and Civ.R. 7(B). But the fact that a defendant may be entitled to a revised order setting forth an inadvertently omitted term that is required by Crim.R. 32(C) as a matter of form does not prevent an original order that conforms to the substantive requirements of Crim.R. 32(C) from being final.

### III. Nunc pro tunc entries

{¶ 17} R.C. 2505.02 sets forth the conditions under which an order is final and may be reviewed, affirmed, or modified, with or without retrial. Crim.R. 32(C) specifies the substantive requirements that are to be included within a judgment of conviction that make it final for purposes of appeal. We find that appellant's original judgment entry of conviction meets the Crim.R. 32(C) requirements because it contained the fact of the conviction, the sentence, the judge's signature, and the time stamp indicating the entry upon the journal by the clerk. Therefore, the original judgment entry of conviction was a final order

subject to appeal under R.C. 2505.02. Moreover, the absence of the language required by Crim.R. 32(C) as a matter of form indicating how appellant's conviction was effected has not deprived appellant of any opportunity to appeal his conviction or sentence, as he has appealed numerous times, and in none of those previous direct appeals or collateral procedures did appellant raise any arguments regarding the lack of finality of the judgment of conviction. *Lester*, 2007-Ohio-4239; 2008-Ohio-1148; 2007-Ohio-5627; and (May 11, 2009), 3d Dist. No. 2-08-24. Only after the trial court sua sponte corrected appellant's judgment entry of conviction and resentencing entry to include the manner by which appellant's conviction was effected did appellant challenge the finality of his judgment entry of conviction.

{¶ 18} The remaining question is whether appellant may appeal from the nunc pro tunc entry. It is well settled that courts possess the authority to correct errors in judgment entries so that the record speaks the truth. *State ex rel. Fogle v. Steiner* (1995), 74 Ohio St.3d 158, 163-164, 656 N.E.2d 1288; Crim.R. 36. Errors subject to correction by the court include a clerical error, mistake, or omission that is mechanical in nature and apparent on the record and does not involve a legal decision or judgment. *State v. Miller*, 127 Ohio St.3d 407, 2010-Ohio-5705, 940 N.E.2d 924, ¶ 15; Crim.R. 36. Nunc pro tunc entries are used to make the record reflect what the court actually decided and not what the court might or should have decided or what the court intended to decide. *Miller* at ¶ 15; *Fogle* at 164.

{¶ 19} "Nunc pro tunc" means "now for then" and is commonly defined as "[h]aving retroactive legal effect through a court's inherent power." Black's Law Dictionary (9th Ed.2009) 1174. Therefore, a nunc pro tunc entry by its very nature applies retrospectively to the judgment it corrects. See, e.g*., Miller* at ¶ 14, 15; *Fogle* at 163-164. Appellate courts throughout the state have consistently applied these principles. See, e.g., *State v. Harrison*, Butler App. Nos. CA2009-10-272 and CA2010-01-019, 2010-Ohio-2709, ¶ 24, citing *State v. Battle*, Summit

App. No. 23404, 2007-Ohio-2475, ¶ 6 ("generally, [a] nunc pro tunc entry relates back to the date of the journal entry it corrects"); *State v. Yeaples* (3d Dist.), 180 Ohio App.3d 720, 2009-Ohio-184, 907 N.E.2d 333, ¶ 15 ("A nunc pro tunc entry is the procedure used to correct clerical errors in a judgment entry, but the entry does not extend the time within which to file an appeal, as it relates back to the original judgment entry"); *State v. Breedlove* (1st Dist.1988), 46 Ohio App.3d 78, 81, 546 N.E.2d 420, quoting *Natl. Life Ins. Co. v. Kohn* (1937), 133 Ohio St. 111, 113, 10 O.O. 122, 11 N.E.2d 1020 (" 'The power to make *nunc pro tunc* entries is restricted ordinarily to the subsequent recording of judicial action previously and actually taken. It is a simple device by which a court may make its journal speak the truth.' It 'speaks the truth' by correcting a judicial record that fails to show an order or a judgment of the court because the order or judgment was not recorded at all in the first instance").

{¶ 20} In the case now before us, the original resentencing order complied with the substantive requirements of Crim.R. 32(C), was a final order for purposes of R.C. 2505.02, and was appealed by appellant. The sole purpose of the nunc pro tunc entry was to correctly state that appellant's original conviction was based on a jury verdict, a fact that was obvious to the court and all the parties. It is apparent, then, that the nunc pro tunc entry merely corrected a clerical omission in the resentencing order and made the entry reflect what had already happened, which was appellant's conviction by jury verdict. The trial court's addition indicating how appellant's conviction was effected affected only the form of the entry and made no substantive changes. Accordingly, we hold that a nunc pro tunc judgment entry issued for the sole purpose of complying with Crim.R. 32(C) to correct a clerical omission in a final judgment entry is not a new final order from which a new appeal may be taken. The judgment of the court of appeals is affirmed.

Judgment affirmed.

O'CONNOR, C.J., and PFEIFER and MCGEE BROWN, JJ., concur.

LUNDBERG STRATTON and O'DONNELL, JJ., concur in part and dissent in part.

LANZINGER, J., dissents.

_____

**O'DONNELL, J., concurring in part and dissenting in part.**

{¶ 21} I concur in the majority's decision that the original judgment of conviction entered in this case constituted a final, appealable order, notwithstanding the sentencing court's failure to specify the "manner of conviction."

{¶ 22} However, I dissent from the majority's suggestion that "Crim.R. 32(C) does not require a judgment entry of conviction to recite the manner of conviction as a matter of substance, but it does require the judgment entry of conviction to recite the manner of conviction as a matter of form." Majority opinion at ¶ 12. The plain language of Crim.R. 32(C) requires only that "[a] judgment of conviction shall set forth the plea, the verdict, or findings, upon which each conviction is based, and the sentence"; it does not direct a sentencing court to specify the manner of conviction.

{¶ 23} Rather, our decision in *State v. Baker*, 119 Ohio St.3d 197, 2008-Ohio-3330, 893 N.E.2d 163, inadvertently added the requirement to specify the manner of conviction to Crim.R. 32(C). The majority makes an effort to sidestep this problem but unnecessarily complicates and compounds the error introduced in *Baker* by retaining a duty on the part of the sentencing court to specify the manner of conviction as a formal requirement. In my view, we should strike that part of *Baker* requiring sentencing courts to indicate the manner of conviction in the judgment of conviction and bring an end to the needless and meaningless litigation that it has spawned, requiring appeals and rehearings all over the state. I therefore respectfully dissent from the majority's suggestion that the trial court in this case had any duty to correct the judgment of conviction entered in 2006 to

indicate the manner of conviction as a matter of form.  The court had no such duty.

## Crim.R. 32(C)

{¶ 24} Prior to the adoption of Crim.R. 32(C), Ohio jurisprudence required a finding of guilt and a sentence in order for a conviction to be considered a final, appealable order.  See *State v. Thomas* (1964), 175 Ohio St. 563, 26 O.O.2d 253, 197 N.E.2d 197, syllabus; *State v. Chamberlain* (1964), 177 Ohio St. 104, 106-107, 29 O.O.2d 268, 202 N.E.2d 695.

{¶ 25} In accord with this precedent, the court adopted Crim.R. 32 (B) (now (C)), effective July 1, 1973, and as amended, it now provides: "A judgment of conviction shall set forth the plea, the verdict, or findings, upon which each conviction is based, and the sentence. Multiple judgments of conviction may be addressed in one judgment entry. If the defendant is found not guilty or for any other reason is entitled to be discharged, the court shall render judgment accordingly. The judge shall sign the judgment and the clerk shall enter it on the journal. A judgment is effective only when entered on the journal by the clerk." This rule contains plain, unambiguous language and has been easily understood and followed for decades.

{¶ 26} In cases decided after the adoption of this rule, we have continued to recognize that a judgment of conviction is composed of two essential elements: the adjudication of guilt and the sentence.  E.g., *State v. Poindexter* (1988), 36 Ohio St.3d 1, 5, 520 N.E.2d 568 (" 'conviction' includes *both* the guilt determination and the penalty imposition" [emphasis sic]); *State v. Whitfield*, 124 Ohio St.3d 319, 2010-Ohio-2, 922 N.E.2d 182, ¶ 24 ("a 'conviction' consists of a guilty verdict *and* the imposition of a sentence or penalty" [emphasis sic]). Cf. *State v. Tuomala,* 104 Ohio St.3d 93, 2004-Ohio-6239, 818 N.E.2d 272, ¶ 14-15 (explaining that no judgment of conviction is entered when a defendant is found not guilty by reason of insanity).

{¶ 27} The Crim.R. 32(C) directive that "[a] judgment of conviction shall set forth the plea, the verdict, or findings, upon which each conviction is based, and the sentence" does not require a trial court to specify the "manner of conviction." Rather, that notion crept into Ohio jurisprudence recently, through *Baker*, in which we attempted to explain the meaning of that rule.

{¶ 28} For purposes of the finality of a judgment of conviction, however, the *manner* of conviction is not a requirement; rather, Crim.R. 32(C) requires the judgment of conviction to set forth the plea, the verdict, or findings, upon which each conviction is based—i.e., the *fact* of conviction—and the sentence. Nothing more.

### State v. Baker

{¶ 29} In *State v. Baker*, 119 Ohio St.3d 197, 2008-Ohio-3330, 893 N.E.2d 163, we declared that "[a] judgment of conviction is a final appealable order under R.C. 2505.02 when it sets forth (1) the guilty plea, the jury verdict, or the finding of the court upon which the conviction is based; (2) the sentence; (3) the signature of the judge; and (4) entry on the journal by the clerk of court." Id. at syllabus.

{¶ 30} Explaining that language in *Baker*, we further stated that "a trial court is required to sign and journalize a document memorializing the sentence *and the manner of the conviction*: a guilty plea, a no contest plea upon which the court has made a finding of guilt, a finding of guilt *based upon a bench trial*, or a guilty verdict *resulting from a jury trial*." (Emphasis added.) Id. at ¶ 14.

{¶ 31} In an attempt to guide trial judges in their efforts to comply with Crim.R. 32(C), *Baker* used the phrases "the manner of conviction," "a finding of guilt based upon a bench trial," and "a guilty verdict resulting from a jury trial," which appeared to be additional requirements for the entry of a final order; in fact, setting forth the manner of conviction in a judgment of conviction is not a Crim.R. 32(C) requirement. *Baker* thus has inadvertently spawned litigation regarding the finality of a judgment of conviction. See, e.g., *State v. Mitchell*,

187 Ohio App.3d 315, 2010-Ohio-1766, 931 N.E.2d 1157 (holding that a judgment of conviction that does not comply with *Baker* is not a final, appealable order); *State v. Tuggle,* Lucas App. No. L-09-1317, 2010-Ohio-4162, ¶ 4 ("appellant's original appeal is a legal nullity, and this appeal following resentencing is appellant's first appeal as of right").

{¶ 32} According to the plain language of the rule, sentencing courts do not need to indicate the manner of conviction in a judgment of conviction. Rather, Crim.R. 32(C) requires courts to include the plea, the verdict, or findings, upon which each conviction is based, and the sentence. Today's opinion seems to recognize this, but nonetheless complicates the problem by adding this manner-of-conviction language to the rule as a matter of form, which is both confusing and unnecessary.

### Conclusion

{¶ 33} Accordingly, I concur in the majority's holding that Crim.R. 32(C) does not require the judgment of conviction to indicate the manner of conviction in order to constitute a final, appealable order. Thus, Lester's 2006 judgment of conviction is final, and new challenges to it are barred by the doctrine of res judicata.

{¶ 34} Despite holding that specifying the manner of conviction is not a "substantive" requirement of Crim.R. 32(C), the majority nonetheless requires it as a matter of form. In my view, Crim.R. 32(C) imposes no such duty, and to the extent that the majority suggests that courts must engage in the vain act of correcting a judgment of conviction to specify the manner of conviction *as a matter of form*, I respectfully dissent.

LUNDBERG STRATTON, J., concurs in the foregoing opinion.

——————————

**LANZINGER, J., dissenting.**

{¶ 35} Crim.R. 32(C) states what a judge shall do to enter a judgment of conviction that is subject to appeal. We explained this rule and held pursuant to

its clear wording: "A judgment of conviction is a final appealable order under R.C. 2505.02 when it sets forth (1) the guilty plea, the jury verdict, or the finding of the court upon which the conviction is based; (2) the sentence; (3) the signature of the judge; and (4) entry on the journal by the clerk of court." *State v. Baker*, 119 Ohio St.3d 197, 2008-Ohio-3330, 893 N.E.2d 163, syllabus. Because the majority opinion amends Crim.R. 32(C) by misinterpreting it, I respectfully dissent.

{¶ 36} Contrary to the statement that *Baker* has been "modified," the majority now rewrites Crim.R. 32(C). In *Baker*, we agreed that the criminal rule did not require a defendant's not-guilty plea entered at arraignment to be reflected in the judgment of conviction. Id. at ¶ 16, 19. But pursuant to the rule, we held that a judgment entry of conviction must contain its four elements.

{¶ 37} Lester's sentencing entry did not contain the first required element. His judgment entry did not state the manner of his conviction—whether obtained through "a guilty plea, a no contest plea upon which the court has made a finding of guilt, a finding of guilt based upon a bench trial, or a guilty verdict resulting from a jury trial"—which *Baker* clearly holds is required under Crim.R. 32(C). Id. at ¶ 14.

{¶ 38} We have consistently cited *Baker* and have held that a judgment of conviction complies with Crim.R. 32(C) when it sets forth the plea, the verdict, or the findings upon which each conviction is based. *State ex rel. Alicea v. Krichbaum*, 126 Ohio St.3d 194, 2010-Ohio-3234, 931 N.E.2d 1079, ¶ 2; *State ex rel. Barr v. Sutula,* 126 Ohio St.3d 193, 2010-Ohio-3213, 931 N.E.2d 1078, ¶ 2; *State ex rel. Culgan v. Medina Cty. Court of Common Pleas*, 119 Ohio St.3d 535, 2008-Ohio-4609, 895 N.E.2d 805, ¶ 10; *Dunn v. Smith*, 119 Ohio St.3d 364, 2008-Ohio-4565, 894 N.E.2d 312, ¶ 7. Instead of following this precedent, the majority ignores these cases by minimizing this requirement. The words "the plea, the verdict, or findings, upon which each conviction is based" are now

compressed into "the fact of the conviction" and are characterized as a mere "matter of form."

**{¶ 39}** In essence, the majority rewrites one of the rule's requirements for a final, appealable order. It deletes the words "the plea, the verdict, or findings, upon which each conviction is based," which, as *Baker* explained, require that the judgment specify the manner of the conviction, and it substitutes the words "the fact of the conviction." If an entry does not state the manner of conviction, we have said it is not a final order subject to appeal. *Baker*, 119 Ohio St.3d 197, 2008-Ohio-3330, 893 N.E.2d 163, at ¶ 14; *Dunn* at ¶ 7. Rather than modify *Baker*, the majority opinion overrules precedent.

**{¶ 40}** The problem, of course, is what is to be done in cases in which a sentencing entry is defective, at least according to the current rule. Should there be a right to appeal from an order that is corrected so that it is made subject to appeal? The majority resolves the issue by denying a defendant the right to appeal from an order that is corrected to conform to Crim.R. 32(C).

**{¶ 41}** Nevertheless, unless Crim.R. 32(C) is amended to change "the plea, the verdict, or findings, upon which each conviction is based" to "the fact of the conviction," the majority's conclusion that the current phrase is a merely "a matter of form" contradicts the rule. Plainly, it is as much of a requirement as the other elements. Either Crim.R. 32(C) means what it says or it does not.

**{¶ 42}** The sentencing entry before us was not final and appealable until it was corrected to meet the requirements set forth in Crim.R. 32(C). If an entry need set forth only the "fact" of conviction to make it final and appealable, then Crim.R. 32(C) should be rewritten to say so. I respectfully dissent from the judgment of the court, since it not only misinterprets Crim.R. 32(C) but also fails to respect precedent.

---

Edwin A. Pierce, Auglaize County Prosecuting Attorney, and Amy Otley Beckett, Assistant Prosecuting Attorney, for appellee.

Tucker, Ellis & West, L.L.P., and Jon W. Oebker, for appellant.

Timothy Young, Ohio Public Defender, and E. Kelly Mihocik, Assistant Public Defender, urging reversal for amicus curiae Ohio Public Defender.

Michael DeWine, Attorney General, Alexandra T. Schimmer, Chief Deputy Solicitor General, and David M. Lieberman, Deputy Solicitor, urging affirmance for amicus curiae Ohio Attorney General.

Joseph T. Deters, Hamilton County Prosecuting Attorney, and Scott M. Heenan, Assistant Prosecuting Attorney, urging affirmance for amicus curiae Ohio Prosecuting Attorneys Association.

_____