THE STATE EX REL. MCGUIRE, APPELLANT, *v.* ABRUZZO, JUDGE, APPELLEE.

[Cite as *State ex rel. McGuire v. Abruzzo,*

133 Ohio St.3d 121, 2012-Ohio-4217.]

*Mandamus—Procedendo—Petition sought to compel a judge to issue a new sentencing entry—Court of appeals' dismissal of petition for writ affirmed.*

(No. 2012-0927—Submitted September 12, 2012—Decided September 18, 2012.)

APPEAL from the Court of Appeals for Preble County,

No. CA2012-03-002.

_____

**Per Curiam.**

{¶ 1} We affirm the judgment dismissing the petition of appellant, Dennis B. McGuire, insofar as he requested writs of mandamus and procedendo to compel appellee, Preble County Court of Common Pleas Judge David N. Abruzzo, to issue a sentencing entry that constitutes a valid final judgment in his criminal case. "Neither mandamus nor procedendo will lie to compel an act that has already been performed." *State ex rel. Lester v. Pepple*, 130 Ohio St.3d 353, 2011-Ohio-5756, 958 N.E.2d 566, ¶ 1. McGuire's sentencing entry constituted a final, appealable order although it lacked a specification concerning the manner of his conviction. *State v. Lester*, 130 Ohio St.3d 303, 2011-Ohio-5204, 958 N.E.2d 142, paragraphs one and two of the syllabus; *State ex rel. Davis v. Ewers*, 130 Ohio St.3d 354, 2011-Ohio-5790, 958 N.E.2d 566, ¶ 1. Nor has McGuire established any violation of his constitutional rights to due process and against ex post facto laws in applying this precedent to him. *See DiCenzo v. A-Best Prods. Co., Inc.*, 120 Ohio St.3d 149, 2008-Ohio-5327, 897 N.E.2d 132, paragraph one of the syllabus ("An Ohio court decision applies retrospectively unless a party has contract rights or vested rights under the prior decision").

Judgment affirmed.

O'CONNOR, C.J., and PFEIFER, LUNDBERG STRATTON, O'DONNELL, LANZINGER, CUPP, and MCGEE BROWN, JJ., concur.

_____

Dennis B. McGuire, pro se.

_____