[Cite as *State v. Anderson*, 2013-Ohio-212.]

# IN THE COURT OF APPEALS

## ELEVENTH APPELLATE DISTRICT

## GEAUGA COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **MEMORANDUM OPINION** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2012-G-3113** |
| RICARDO ANDERSON, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Geauga County Court of Common Pleas, Case No. 12C000076.

Judgment: Appeal dismissed.


*David P. Joyce*, Geauga County Prosecutor, and *Nicholas A. Burling*, Assistant Prosecuting Attorney, Courthouse Annex, 231 Main Street, Chardon, OH 44024 (For Plaintiff-Appellee).

*Ricardo Anderson*, pro se, 12450 Merritt Road, Chardon, OH 44024 (Defendant-Appellant).


TIMOTHY P. CANNON, P.J.

{¶1} Appellant, Ricardo Anderson, appeals from the September 25, 2012 judgment of the Geauga County Court of Common Pleas overruling his pro se "Motion to Exclude Irrelevant Witnesses and Testimony; Motion to Incur Costs for Private Investigator; [and] Motion to be Appointed Co-Counsel."

{¶2} On November 13, 2012, appellee, the state of Ohio, filed a motion to dismiss for lack of jurisdiction. The state contends that the trial court's judgment is not a final, appealable order under R.C. 2505.02.

{¶3} On November 26, 2012, appellant filed a pro se response. Appellant asserts that this court should overrule the state's motion to dismiss because his pro se "Motion to Exclude Irrelevant Witnesses and Testimony; Motion to Incur Costs for Private Investigator; [and] Motion to be Appointed Co-Counsel" are protected by the Sixth and Fourteenth Amendments to the United States Constitution, thereby making the trial court's judgment overruling those motions a "final order."

{¶4} According to Section 3(B)(2), Article IV of the Ohio Constitution, a judgment of a trial court can be immediately reviewed by an appellate court only if it constitutes a 'final order' in the action. *Germ v. Fuerst*, 11th Dist. No. 2003-L-116, 2003-Ohio-6241, ¶3. If a lower court's order is not final, then an appellate court does not have jurisdiction to review the matter and the matter must be dismissed. *Gen. Acc. Ins. Co. v. Ins. of N. Am.*, 44 Ohio St.3d 17, 20 (1989). For a judgment to be final and appealable, it must satisfy the requirements of R.C. 2505.02 and if applicable, Civ.R. 54(B). *State v. Rivera*, 11th Dist. No. 2010-A-0037, 2010-Ohio-4559, ¶2.

{¶5} "Pursuant to R.C. 2505.02(B), there are seven categories of 'final orders,' and if a trial court's judgment satisfies any of them, it will be considered a 'final order'

which can be immediately appealed and reviewed by a court of appeals." *Rivera*, *supra*, at ¶3.

{¶6} R.C. 2505.02(B) states, in part:

{¶7} An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:

{¶8} (1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;

{¶9} (2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;

{¶10} (3) An order that vacates or sets aside a judgment or grants a new trial;

{¶11} (4) An order that grants or denies a provisional remedy and to which both of the following apply:

{¶12} (a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.

{¶13} (b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.

{¶14} (5) An order that determines that an action may or may not be maintained as a class action;

3

**{¶15}** (6) An order determining the constitutionality of any changes to the Revised Code * * *;

**{¶16}** (7) An order in an appropriation proceeding * * *.

**{¶17}** In this case, the trial court's judgment overruling appellant's pro se "Motion to Exclude Irrelevant Witnesses and Testimony; Motion to Incur Costs for Private Investigator; [and] Motion to be Appointed Co-Counsel" does not satisfy any of the seven categories of "final orders" under R.C. 2505.02(B). In addition, we note that there is no other final order subject to appeal at this time since appellant has yet to be convicted and sentenced. *See* Crim.R. 32(C); *State v. Lester*, 130 Ohio St.3d 303, 2011-Ohio-5204, paragraph one of the syllabus.

**{¶18}** Thus, because the trial court's September 25, 2012 judgment is not a final, appealable order, we lack jurisdiction over this matter. The state's motion to dismiss is hereby granted.

**{¶19}** Appeal dismissed.


DIANE V. GRENDELL, J.,

CYNTHIA WESTCOTT RICE, J.,

concur.

4