[Cite as *State v. Warman*, 2016-Ohio-7754.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | JUDGES: |
|---|---|---|
| STATE OF OHIO | : | Hon. W. Scott Gwin, P.J. |
| | : | Hon. John W. Wise, J. |
| Plaintiff-Appellee | : | Hon. Craig R. Baldwin, J. |
| | : | |
| -vs- | : | |
| | : | Case No. 16-CA-30 |
| CHARLES F. WARMAN | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:　　　　Criminal appeal from the Licking County
　　　　　　　　　　　　　　　　　　Court of Common Pleas, Case No.
　　　　　　　　　　　　　　　　　　15CR786

JUDGMENT:　　　　　　　　　　　　　Affirmed

DATE OF JUDGMENT ENTRY:　　　　November 14, 2016

APPEARANCES:

For Plaintiff-Appellee　　　　　　　　　For Defendant-Appellant

KENNETH W. OSWALT　　　　　　　ROBERT CALESARIC
LICKING COUNTY PROSECUTOR　　35 South Park Place
PAULA SAWYERS　　　　　　　　　Suite 150
20 S. Second Street, 4th Floor　　　　Newark, OH 43055
Newark, OH 43055

*Gwin, P.J.*

{¶1} Appellant Charles Warman ["Warman"] appeals his convictions and sentences after a jury trial in the Licking County Court of Common Pleas on four counts of Domestic Violence and the special findings that he had a prior Domestic Violence conviction, thus enhancing all of the charges to felonies of the fourth degree.

*Facts and Procedural History*

{¶2} The underlying facts have not been included in either party's brief because the facts underlying the charges are not germane to the assignment of error raised by Warman. *See,* App.R. 16(A)(6).

{¶3} During the jury trial Warman stipulated that State's Exhibit 6, the Licking County Municipal Court records from Case No. 06-CRB-1288 regarding Warman were certified copies and authentic. 1T. at 258-259. These records represented a prior domestic violence conviction for Warman. 1T. at 259-261. While Warman did object to the inclusion in the "Change of Plea from Not Guilty to Guilty with an Attorney" form attached to this exhibit, this objection was overruled by the trial court, and State's Exhibit 6 was admitted in its entirety.

{¶4} After the state rested, Warman made a partial motion for acquittal as it relates to the prior conviction being used to enhance the domestic violence charge from a misdemeanor of the first degree to a felony of the fourth degree. 1T. at 261; 265-266.

{¶5} The trial court denied the motion for acquittal pursuant to Crim.R. 29. 1T. at 268. Warman was subsequently convicted of four counts of domestic violence and the special finding that he had a prior conviction, thus elevating each charge to a felony of the fourth degree.

*Assignment of Error*

**{¶6}** Warman raises one assignment of error,

**{¶7}** "I. IT WAS HARMFUL ERROR FOR THE TRIAL COURT TO DENY APPELLANT'S PARTIAL MOTION FOR ACQUITTAL WHEN THE STATE'S EVIDENCE THAT APPELLANT HAD A PRIOR CONVICTION FOR DOMESTIC VIOLENCE DID NOT COMPORT WITH STATE V. BAKER AND CRIMINAL RULE 32."

*Law and Analysis*

**{¶8}** Warman contends that the state attempted to prove a prior conviction by way of a judgment of conviction. *See,* State's Exhibit 6. Warman argues that the document labeled State's Exhibit 6 was not a final appealable order or proper judgment of conviction.

**{¶9}** A final, appealable order in a criminal case under Crim.R. 32(C) must contain four elements: (1) the fact of the conviction, (2) the sentence, (3) the judge's signature, and (4) a time stamp from the clerk of courts. *State v. Lester*, 130 Ohio St.3d 303, 2011-Ohio-5204, 958 N.E.2d 142, paragraph one of the syllabus.

**{¶10}** As a general matter, "[o]nly one document can constitute a final appealable order," meaning that a single entry must satisfy the requirements of Crim.R. 32(C). *State v. Baker*, 119 Ohio St.3d 197, 2008-Ohio-3330, 893 N.E.2d 163, ¶ 17.

**{¶11}** Although former Crim.R. 32(C) indicated that the judgment entry should include the manner of conviction, *Lester* held that its absence from the judgment entry did not affect the finality of the order. *Lester* at ¶ 12. Where the manner of conviction was missing, the trial court could correct the omission by means of a nunc pro tunc entry.

*Lester* at paragraph two of the syllabus; *State ex rel. Snead v. Ferenc*, 138 Ohio St.3d 136, 2014–Ohio–43, 4 N.E.3d 1013, ¶ 9.

{¶12} The omission of the "manner of the conviction" in the sentencing entry does not prevent the judgment from being a final, appealable order. *State ex rel. Davis v. Ewers,* 130 Ohio St.3d 354, 2011-Ohio-5790, 958 N.E.2d 566, ¶ 1, *citing State v. Lester,* 130 Ohio St.3d 303, 2011-Ohio-5204, 958 N.E.2d 142, paragraph one of the syllabus; *Accord*, *State ex rel. McGuire v. Abruzzo,* 133 Ohio St.3d 121, 2012-Ohio-4217, 976 N.E.2d 861, ¶1.

{¶13} In the case at bar, the municipal court's sentencing entry contains on the second page, middle column, the following,

> The defendant having been found guilty of the offense charged in the complaint, or entered a plea of guilty to the same, the following sentence is entered….

{¶14} The sentence is set forth as 180 days in jail and a $500.00 fine. The entry is dated "9/8/06" and is signed by the judge. In the first column on the left had side is the Clerk of Courts time-stamp for September 8, 2006.

{¶15} Thus, the entry contains 1). The fact of conviction, 2). The sentence, 3). The judge's signature and 4). A time stamp indicating the entry upon the journal by the clerk. Any omission of the "manner of the conviction" in the sentencing entries does not prevent the judgment from being a final, appealable order.

{¶16} We hold the claimed omissions in the municipal court  sentencing entry herein asserted by Warman does not establish a failure by the trial court to adequately set forth the manner or fact of conviction and thus do not implicate the rule of *Baker* and/or

*Lester.* Therefore, the trial court properly overruled Warman's partial motion for acquittal as it relates to the special findings of the jury that Warman had previously been convicted of domestic violence.

{¶17} Warman's sole assignment of error is overruled.

{¶18} The judgment of the Licking County Court of Common Pleas, Licking County, Ohio is affirmed.

By Gwin, P.J.,

Wise, J., and

Baldwin, J., concur