[Cite as *State ex rel. Massey v. Stark Cty. Common Pleas Court*, 2017-Ohio-1351.]

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO EX REL. | : | |
| MICHAEL ANTHONY MASSEY | : | |
| | : | NUNC PRO TUNC |
| Relator | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| STARK COUNTY | : | |
| COMMON PLEAS COURT, ET AL | : | |
| | : | |
| And | : | CASE NO. 2017CA00003 |
| | : | |
| JUDGE CHRYSSA HARTNETT | : | |
| | : | |
| Respondents | : | |
| | : | |

The Opinion previously issued in this case contained a typographical error.

Judge Chryssa Hartnett's name was spelled incorrectly.


_____
HON. CRAIG R. BALDWIN


_____
HON. W. SCOTT GWIN


_____
HON. JOHN W. WISE

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


STATE OF OHIO EX REL.               :        JUDGES:
MICHAEL ANTHONY MASSEY              :        Hon. W. Scott Gwin, P.J.
                                   :        Hon. John W. Wise, J.
                                   :        Hon. Craig R. Baldwin, J.
        Relator                    :
                                   :
-vs-                               :
                                   :
STARK COUNTY                        :        Case No. 2017CA00003
COMMON PLEAS COURT, ET AL          :
                                   :
And                                :
                                   :
JUDGE CHRYSSA HARTNETT             :
                                   :        O P I N I O N
        Respondents                :

                                            NUNC PRO TUNC


CHARACTER OF PROCEEDING:            Writ of Mandamus



JUDGMENT:                           Dismissed



DATE OF JUDGMENT:                   April 10, 2017



APPEARANCES:

For Relator                         For Respondents

MICHAEL ANTHONY MASSEY, pro se      JOHN D. FERRERO, JR.
# A311-924                          Stark County Prosecuting Attorney
North Central Correctional Complex
P.O. Box 1812                       By: RENEE M. WATSON
Marion, Ohio 43301                  Assistant Prosecuting Attorney
                                    110 Central Plaza South, Suite 510
                                    Canton, Ohio 44702-1413

*Baldwin, J.*

**{¶1}** Relator has filed a petition for writ of mandamus requesting this Court order the trial court to issue a new sentencing order. Relator contends the order issued by the trial court is not a final, appealable order because it does not contain a finding of guilt based upon Relator's no contest plea.

**{¶2}** A final, appealable order in a criminal case under Crim.R. 32(C) must contain four elements: (1) the fact of the conviction, (2) the sentence, (3) the judge's signature, and (4) a time stamp from the clerk of courts. *State v. Lester,* 130 Ohio St.3d 303, 2011-Ohio-5204, 958 N.E.2d 142, paragraph one of the syllabus.

**{¶3}** Although former Crim.R. 32(C) indicated that the judgment entry should include the manner of conviction, *Lester* held that its absence from the judgment entry did not affect the finality of the order. *Lester* at ¶ 12. Where the manner of conviction was missing, the trial court could correct the omission by means of a nunc pro tunc entry. *Lester* at paragraph two of the syllabus; *State ex rel. Snead v. Ferenc,* 138 Ohio St.3d 136, 2014-Ohio-43, 4 N.E.3d 1013, ¶ 9.

**{¶4}** The omission of the "manner of the conviction" in the sentencing entry does not prevent the judgment from being a final, appealable order. *State ex rel. Davis v. Ewers,* 130 Ohio St.3d 354, 2011-Ohio-5790, 958 N.E.2d 566, ¶ 1, *citing State v. Lester,* 130 Ohio St.3d 303, 2011-Ohio-5204, 958 N.E.2d 142, paragraph one of the syllabus; *Accord, State ex rel. McGuire v. Abruzzo,* 133 Ohio St.3d 121, 2012-Ohio-4217, 976 N.E.2d 861, ¶ 1.

**{¶5}** In this case, the judgment entry contains the following sentence, "The Court finds that the defendant has been convicted of Rape, 1 Ct. [R.C. 2907.02(A)(2)] (F1) and

Aggravated Robbery, 1 Ct. [R.C. 2911.01(A)(1)] (F1) . . ." This sentence sufficiently contains the fact of conviction. Further, the entry contains the sentence, the judge's signature, and the time stamp from the clerk. The four elements necessary for a final, appealable order pursuant to Crim.R. 32 are all present in the entry in question.

{¶6} Because the entry of conviction and sentence was a final order, Respondent has no clear legal duty to issue another order.

{¶7} Additionally, this is Relator's second petition for writ of mandamus. Relator could have raised the issue in this case in the prior petition. For this reason, the instant case is precluded by the doctrine of res judicata. "[U]nder the doctrine of res judicata, an existing final judgment or decree binding the parties is conclusive as to all claims that were or could have been litigated in a first lawsuit. *Grava,* 73 Ohio St.3d at 381–382, 653 N.E.2d 226. Res judicata requires a plaintiff to present every ground for relief in the first action or be forever barred from asserting it. *Id."* *State ex rel. Robinson v. Huron Cty. Court of Common Pleas*, 143 Ohio St.3d 127, 2015-Ohio-1553, 34 N.E.3d 903, ¶ 8 (2015).

{¶8} For these reasons, the complaint is dismissed for failure to state a claim upon which relief may granted.

By: Baldwin, J.

Gwin, P.J. and

Wise, J. concur.