[Cite as *State v. McCabe*, 2018-Ohio-3176.]

COURT OF APPEALS
PERRY COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | : | Hon. William B. Hoffman, J. |
| | : | Hon. Patricia A. Delaney, J. |
| -vs- | : | |
| | : | Case No. 17-CA-00010 |
| | : | |
| DONALD E. MCCABE | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:      Appeal from the Perry County Court of
Common Pleas, Case No. 93-CR-6366


JUDGMENT:      AFFIRMED


DATE OF JUDGMENT ENTRY:      August 8, 2018


APPEARANCES:

For Plaintiff-Appellee:                    For Defendant-Appellant:

JOSEPH A. FLAUTT                    DONALD E. MCCABE, PRO SE
PERRY COUNTY PROSECUTOR          Inmate #277-786
111 North High St., P.O. Box 569        P.O. Box 57
New Lexington, OH 43764-0569          Marion, OH 43301

*Delaney, J.*

{¶1} Defendant-Appellant Donald E. McCabe appeals the December 4, 2017 judgment entry of the Perry County Court of Common Pleas.

## FACTS AND PROCEDURAL HISTORY

{¶2} On February 17, 1993, the Perry County Grand Jury indicted Defendant-Appellant Donald E. McCabe on three charges: Count 1, aggravated burglary with a firearm specification, a first-degree felony in violation of R.C. 2911.11(A)(1)(2)(3); Count 2, aggravated robbery with a firearm specification, a first-degree felony in violation of R.C. 2911.01(A)(1)(2); and Count 3, aggravated murder with a firearm specification, in violation of R.C. 2903.01(B). The underlying facts giving rise to McCabe's indictment are unnecessary for the disposition of McCabe's appeal.

{¶3} McCabe originally entered pleas of not guilty and not guilty by reason of insanity. On May 26, 1993, McCabe entered a plea of guilty to each count contained within the indictment. The State dismissed the firearm specifications. The trial court issued a judgment entry on May 27, 1993, memorializing McCabe's guilty pleas.

{¶4} On July 23, 1993, the trial court held a sentencing hearing and issued its sentencing entry. The termination judgment entry referred to the May 27, 1993 judgment entry but did not explicitly state the manner of conviction. The trial court sentenced McCabe to life in prison with eligibility of parole after 20 years on Count 3. On Count 1, the trial court sentenced McCabe to a prison term of 10 to 25 years. The trial court also sentenced McCabe to a prison term of 10 to 25 years on Count 2. McCabe was ordered to serve his sentences concurrently.

{¶5} McCabe did not appeal his sentence.

{¶6}    On August 28, 2017, McCabe filed a pro se motion to correct void judgment. He first argued that because he was charged with and pleaded guilty to aggravated murder in violation of R.C. 2903.01(B), R.C. 2946.06 required that he be sentenced by a three judge panel. He next argued his sentence was void because the trial court failed to include mandatory sentencing provisions. The State responded to the motion.

{¶7}    On December 4, 2017, the trial court denied McCabe's motion to correct void judgment.

{¶8}    The trial court also issued a nunc pro tunc termination judgment entry on December 4, 2017. The nunc pro tunc judgment entry combined the language of the May 27, 1993 and July 23, 1993 judgment entries into one entry and made no substantive changes.

{¶9}    McCabe filed a notice of appeal on December 18, 2017.

## ASSIGNMENTS OF ERROR

{¶10} McCabe raises five Assignments of Error:

{¶11} "I. THE DEFENDANT-APPELLANT'S SENTENCE DOES NOT CONFORM TO THE PROVISIONS OF OHIO CRIMINAL RULE 11(C)3.

{¶12} "II. THE SENTENCE IN CR-6366 IS DECLARED A 'VOID JUDGMENT'.

{¶13} "III. DEFENDANT-APPELLANT'S SENTENCE DOESN'T COMPOST WITH THE 'MANDATORY PROVISIONS' OF CRIM.R. 32(C) JUDGMENT (FORMERLY KNOWN AS 32(B).)

{¶14} "IV. THE DEFENDANT-APPELLANT'S JOURNAL ENTRY WAS ILLEGALLY CHALLENGED BY THE TRIAL COURT ON 7/28/17.

{¶15} "V. THE DEFENDANT-APPELLANT'S SENTENCE VIOLATES THE U.S. 14TH AMENDMENT-DUE PROCESS CLAUSE."

**ANALYSIS**

**I., II., and III.**

{¶16} McCabe argues in his first, second, and third Assignments of Error that his sentence should be declared a void judgment because his indictment for aggravated murder contained a "death specification." He claims the death specification was never dismissed when he entered his guilty plea and therefore, the trial court was required to meet certain sentencing guidelines pertaining to a death specification pursuant to Crim.R. 11(C)(3), Crim.R. 32(C), and R.C. 2929.03(F). He contends the trial court's failure to meet the guidelines rendered his sentence void.

{¶17} Crim.R. 11(C)(3) states:

(3) With respect to aggravated murder committed on and after January 1, 1974, the defendant shall plead separately to the charge and to each specification, if any. A plea of guilty or no contest to the charge waives the defendant's right to a jury trial, and before accepting a plea of guilty or no contest the court shall so advise the defendant and determine that the defendant understands the consequences of the plea.

If the indictment contains no specification, and a plea of guilty or no contest to the charge is accepted, the court shall impose the sentence provided by law.

If the indictment contains one or more specifications, and a plea of guilty or no contest to the charge is accepted, the court may dismiss the specifications and impose sentence accordingly, in the interests of justice. If the indictment contains one or more specifications that are not dismissed upon acceptance of a plea of guilty or no contest to the charge, or if pleas of guilty or no contest to both the charge and one or more specifications are accepted, a court composed of three judges shall: (a) determine whether the offense was aggravated murder or a lesser offense; and (b) if the offense is determined to have been a lesser offense, impose sentence accordingly; or (c) if the offense is determined to have been aggravated murder, proceed as provided by law to determine the presence or absence of the specified aggravating circumstances and of mitigating circumstances, and impose sentence accordingly.

{¶18} McCabe contends because the indictment contained a death specification that was not dismissed upon the acceptance of McCabe's guilty plea to the charge of aggravated murder, a panel of three judges should have considered the charge and sentencing. The failure to have his case heard by a panel of three judges also rendered his sentence void pursuant to Crim.R. 32(C) because the termination judgment entry did not contain a separate finding of fact pursuant to R.C. 2929.03(F).

{¶19} McCabe was indicted on one count of aggravated robbery, one count of aggravated burglary, and one count of aggravated murder. The indictment states that McCabe was charged with aggravated murder in violation of R.C. 2903.01(B), which reads in pertinent part: "No person shall purposely cause the death of another * * * while

committing or attempting to commit, or while fleeing immediately after committing or attempting to commit, * * * aggravated robbery, * * * aggravated burglary, * * *."

{¶20} McCabe contends the charge of aggravated murder contained a death penalty specification. R.C. 2929.04(A)(7) states:

Imposition of the death penalty for aggravated murder is precluded unless one or more of the following is specified in the indictment or count in the indictment pursuant to section 2941.14 of the Revised Code and proved beyond a reasonable doubt:

* * *

(7) The offense was committed while the offender was committing, attempting to commit, or fleeing immediately after committing or attempting to commit kidnapping, rape, aggravated arson, aggravated robbery, or aggravated burglary, and either the offender was the principal offender in the commission of the aggravated murder or, if not the principal offender, committed the aggravated murder with prior calculation and design.

{¶21} Under R.C. 2941.14(B), the imposition of the death penalty for aggravated murder is precluded unless the "count in the indictment charging the offense specifies one or more of the aggravating circumstances listed in division (A) of section 2929.04 of the Revised Code. If more than one aggravating circumstance is specified to an indictment or count, each shall be in a separately numbered specification, and if an aggravating circumstance is specified to a count in an indictment containing more than one count, such specification shall be identified as to the count to which it applies."

{¶22} A review of the 1993 indictment shows it does not state a separate specification of an aggravating circumstance to the count charging McCabe with aggravated murder. McCabe was not charged with aggravated murder with a death penalty specification. McCabe was charged with aggravated murder with a firearm specification and the firearm specification was dismissed by the State upon McCabe's guilty plea.

{¶23} Accordingly, McCabe's arguments that the trial court's sentencing did not comply with Crim.R. 11(C)(3) and Crim.R. 32(C) because of a death specification are not supported by the record.

{¶24} McCabe's first, second, and third Assignments of Error are overruled.

**IV.**

{¶25} McCabe contends in his fourth Assignment of Error that the trial court illegally changed the July 23, 1993 termination judgment entry when it issued the nunc pro tunc termination judgment entry on December 4, 2017.

{¶26} On May 27, 1993, the trial court issued its judgment entry memorializing McCabe's guilty pleas. The July 23, 1993 termination judgment entry rendered McCabe's sentence. The nunc pro tunc termination judgment entry combined the May 27, 1993 judgment entry and July 23, 1993 termination judgment entry into one termination judgment entry.

{¶27} A final, appealable order in a criminal case under Crim.R. 32(C) must contain four elements: (1) the fact of the conviction, (2) the sentence, (3) the judge's signature, and (4) a time stamp from the clerk of courts. *State v. Lester,* 130 Ohio St.3d 303, 2011-Ohio-5204, 958 N.E.2d 142, paragraph one of the syllabus.

{¶28} As a general matter, "[o]nly one document can constitute a final appealable order," meaning that a single entry must satisfy the requirements of Crim.R. 32(C). *State v. Baker,* 119 Ohio St.3d 197, 2008-Ohio-3330, 893 N.E.2d 163, ¶ 17.

{¶29} Although former Crim.R. 32(C) indicated that the judgment entry should include the manner of conviction, *Lester* held that its absence from the judgment entry did not affect the finality of the order. *Lester* at ¶ 12. The omission of the "manner of the conviction" in the sentencing entry does not prevent the judgment from being a final, appealable order. *State ex rel. Davis v. Ewers,* 130 Ohio St.3d 354, 2011-Ohio-5790, 958 N.E.2d 566, ¶ 1, *citing State v. Lester,* 130 Ohio St.3d 303, 2011-Ohio-5204, 958 N.E.2d 142, paragraph one of the syllabus; *Accord, State ex rel. McGuire v. Abruzzo,* 133 Ohio St.3d 121, 2012-Ohio-4217, 976 N.E.2d 861, ¶ 1. The July 23, 1993 termination judgment entry referred to the May 27, 1993 judgment entry memorializing McCabe's guilty pleas, but the termination judgment entry did not explicitly state the manner of conviction. Pursuant to *Lester*, the July 23, 1993 termination judgment entry was a final appealable order although it did not contain the manner of conviction. McCabe did not appeal the July 23, 1993 termination judgment entry.

{¶30} "Courts possess inherent authority to correct clerical errors in judgment entries so that the record speaks the truth[.]" *State v. Lee*, 9th Dist. Summit No. 28713, 2018-Ohio-2497¶ 8 quoting *State ex rel. DeWine v. Burge*, 128 Ohio St.3d 236, 2011-Ohio-235, ¶ 17, quoting *State ex rel. Cruzado v. Zaleski*, 111 Ohio St.3d 353, 2006-Ohio-5795, ¶ 19. "A nunc pro tunc entry is often used to correct a sentencing entry that, because of a mere oversight or omission, does not comply with Crim.R. 32(C)." *Burge* at ¶ 17. Furthermore, a nunc pro tunc order relates back to the date of the original

entry. *State ex rel. Womack v. Marsh*, 128 Ohio St.3d 303, 2011-Ohio-229, ¶ 15. Where the manner of conviction was missing, the trial court could correct the omission by means of a nunc pro tunc entry. *Lester* at paragraph two of the syllabus; *State ex rel. Snead v. Ferenc,* 138 Ohio St.3d 136, 2014-Ohio-43, 4 N.E.3d 1013, ¶ 9.

{¶31} The December 4, 2017 nunc pro tunc termination judgment entry combined the previous judgment entries into a single judgment entry to comply with *Baker*, *Lester*, and Crim.R. 32(C). The trial court acted within its authority to issue a nunc pro tunc termination judgment entry to comply with Crim.R. 32(C).

{¶32} McCabe's fourth Assignment of Error is overruled.

**V.**

{¶33} McCabe argues in his fifth Assignment of Error that his due process rights under the 14th Amendment were violated.

{¶34} Based on our findings above, we conclude McCabe has failed to demonstrate a violation of his due process rights.

{¶35} McCabe's fifth Assignment of Error is overruled.

## CONCLUSION

{¶36} The judgment of the Perry County Court of Common Pleas is affirmed.

By: Delaney, J.,

Gwin, P.J. and

Hoffman, J., concur.