[Cite as *State v. Hillen*, **2021-Ohio-2234.**]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## PORTAGE COUNTY

| | |
|---|---|
| STATE OF OHIO,<br><br>        Plaintiff-Appellee,<br><br>- v -<br><br>BRENT G. HILLEN,<br><br>        Defendant-Appellant. | CASE NOS. 2021-P-0024<br>2021-P-0025<br><br>Criminal Appeals from the<br>Court of Common Pleas<br><br><br>Trial Court Nos. 2020 CR 00642<br>2020 CR 00679 |

## M E M O R A N D U M
## O P I N I O N

Decided: June 30, 2021
Judgment: Appeals dismissed

*Victor V. Vigluicci*, Portage County Prosecutor, 241 South Chestnut Street, Ravenna, OH 44266 (For Plaintiff-Appellee).

*Brent G. Hillen*, pro se, PID# A780-151, Belmont Correctional Institution, 68518 Bannock Road, P.O. Box 540, St. Clairsville, OH 43950 (Defendant-Appellant).

THOMAS R. WRIGHT, J.

{¶1} Appellant filed a Notice of Appeal on March 5, 2021. No judgment entry was attached to his notice, but the trial court docket reflects a January 20, 2021 sentencing entry and a February 16, 2021 nunc pro tunc sentencing entry.[1]

---

[1] A nunc pro tunc entry corrects clerical errors in a previous entry but does not extend the notice of appeal time. *State v. Lester,* 130 Ohio St.3d 303, 310, 2011-Ohio-5204.

{¶2}  A timely notice of appeal from the January 20, 2021 entry was due no later than February 19, 2021.  Thus, the appeals are untimely by fourteen days.

{¶3}  App.R. 4(A)(1) states in relevant part:

{¶4}  "* * * [a] party who wishes to appeal from an order that is final upon its entry shall file the notice of appeal required by App.R. 3 within 30 days of that entry."

{¶5}  App.R. 5(A) states in relevant part:

{¶6}  "(1) After the expiration of the thirty day period provided by App.R. 4(A) for the filing of a notice of appeal as of right, an appeal may be taken by a defendant with leave of the court to which the appeal is taken in the following classes of cases:

{¶7}  "(a) Criminal proceedings;

{¶8}  " * * * ;

{¶9}  "(2) A motion for leave to appeal shall be filed with the court of appeals and shall set forth the reasons for the failure of the appellant to perfect an appeal as of right. * * *."

{¶10}  Appellant has neither complied with the thirty-day rule set forth in App.R. 4(A)(1) nor sought leave to appeal under App.R. 5(A).  Thus, this court is without jurisdiction to consider the appeals.  Appellant has a remedy to file an untimely appeal from a criminal judgment under App.R. 5(A).

{¶1}  Based on the foregoing, the appeals are hereby sua sponte dismissed as being untimely.

MARY JANE TRAPP, P.J.,

MATT LYNCH, J.,

concur.

2

Case Nos. 2021-P-0024, 2021-P-0025