[Cite as *In re T.T.*, 2016-Ohio-5075.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
OTTAWA COUNTY

In re T.T.

Court of Appeals No. OT-15-037

Trial Court No. 21420355
21420356
21420357

**DECISION AND JUDGMENT**

Decided:        July 22, 2016

* * * * *

Brett A. Klimkowsky, for appellant.

Mark E. Mulligan, Ottawa County Prosecuting Attorney, and
Emily M. Gerber, Assistant Prosecuting Attorney, for appellee.

* * * * *

**PIETRYKOWSKI, J.**

{¶ 1} This is an appeal from the April 20, 2016 judgment[1] of the Ottawa County

Court of Common Pleas, Juvenile Division, which, following appellant's adjudication as

---

[1] The original judgment entered in this case on May 28, 2015, was, sua sponte, found not a final and appealable order under Crim.R. 32(C) and *State v. Lester*, 130 Ohio St.3d 303, 2011-Ohio-5204, 958 N.E.2d 142. The matter was remanded and this appeal was reinstated on May 9, 2016.

a delinquent child, sentenced him to juvenile detention, community service, and costs. Because we conclude that trial counsel was not ineffective, we affirm.

{¶ 2} On December 7, 2014, a break-in was reported at a convenience store in Elmore, Ottawa County, Ohio. Following an investigation, appellant and two other juveniles were charged with breaking and entering, a fifth-degree felony, theft, a first-degree misdemeanor, and criminal damaging, a second-degree misdemeanor.

{¶ 3} Appellant's case proceeded to an adjudication hearing on March 24, 2015. Appellant's co-defendant, K.H., testified that he, appellant, and another juvenile formulated a plan to break into the store. K.H. was to break the glass door with a baseball bat; appellant and the other individual would act as lookouts.

{¶ 4} Following the break-in, the stolen items, including alcohol and tobacco, were taken to a fourth juvenile, M.D.'s house. K.H. indicated that he gave a written statement to police implicating appellant.

{¶ 5} M.D. did not cooperate during the hearing but acknowledged that his memory of the events may have been more accurate in December when he gave a statement to police. He agreed that appellant may have been at his house, left, and returned with items in a bag. During cross-examination, however, he denied that appellant was at his house. He also denied writing messages on his Facebook page which suggested that appellant was at his house following the break-in.

{¶ 6} Following the state's case, appellant's counsel attempted to present alibi witnesses. Several parts of the transcript contain "inaudible" notations, so it is unclear

2.

how many witnesses counsel wished to question; the state immediately objected on the basis of counsel's failure to provide notice under R.C. 2945.58 (and Crim.R. 12.1).  A recess was taken and off-record discussions took place in the court's chambers.

{¶ 7} Upon return, the state clarified that it had not been provided a witness list and that although counsel's inaction was not in bad faith, it would suffer prejudice and surprise if the testimony were allowed.  The court then precluded the testimony.

{¶ 8} On April 30, 2015, the trial court found appellant to be a delinquent child having committed the crimes of breaking and entering, theft, and criminal damaging.  At the May 26, 2015 disposition hearing, appellant was ordered committed to the Department of Youth Services for a minimum of six months to a maximum of appellant's 21st birthday.  The sentence was suspended and appellant was ordered to serve 30 days in the Juvenile Detention Facility, was continued on probation and was ordered to perform community service, pay restitution and write a letter of apology, and pay court costs. This appeal followed with appellant raising the following assignment of error for our review:

> 1.  Appellant suffered ineffective assistance of counsel during appellant's case-in-chief at the trial court due to appellant's trial attorney neglecting to properly raise an alibi defense.

{¶ 9} "The test for ineffective assistance of counsel in a juvenile delinquency case is the same as that for an adult criminal case." *In re K.J.*, 6th Dist. Lucas No. L-11-1193,

3.

2012-Ohio-6242, ¶ 21.  To prevail on a claim of ineffective assistance of counsel, a defendant must prove two elements:

> First, the defendant must show that counsel's performance was deficient.  This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.  Second, the defendant must show that the deficient performance prejudiced the defense.  *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

{¶ 10} When considering a claim of ineffective assistance of counsel, the court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance * * *."  *Strickland* at 689.  "Debatable trial tactics generally do not constitute a deprivation of effective counsel."  *State v. Phillips*, 74 Ohio St.3d 72, 85, 656 N.E.2d 643 (1995), citing *State v. Clayton*, 62 Ohio St.2d 45, 49, 402 N.E.2d 1189 (1980).

{¶ 11} Crim.R. 12.1 concerns notice of alibi.  It provides that "[w]henever a defendant in a criminal case proposes to offer testimony to establish an alibi on his behalf, he shall, not less than seven days before trial, file and serve upon the prosecuting attorney a notice in writing of the intention to claim alibi."

{¶ 12} It is undisputed that appellant's counsel failed to file a notice of alibi.  However, this fact alone does not establish deficient performance.  The failure to file a notice of alibi has been found to be a trial tactic in instances where counsel has otherwise

4.

conducted the trial in an appropriate manner including examining and cross-examining witnesses, introducing evidence, and having a general understanding of criminal law. *State v. Smith*, 17 Ohio St.3d 98, 101, 477 N.E.2d 1128 (1985); *State v. Ward*, 1st Dist. Hamilton No. C-140721, 2015-Ohio-2260, ¶ 24. Further, there is no evidence in the record that appellant's counsel knew of the alibi witness seven days prior to trial. *See State v. Alexander*, 6th Dist. Erie No. E-91-86, 1993 Ohio App. LEXIS 3861(Aug. 6, 1993). Finally, appellant can only speculate that such testimony would have aided him at trial. *See State v. Madrigal*, 87 Ohio St.3d 378, 390-391, 721 N.E.2d 52 (2000); *State v. Johnson*, 8th Dist. Cuyahoga No. 97698, 2012-Ohio-3812, ¶ 28-29.

{¶ 13} During the course of the trial, appellant's counsel thoroughly cross-examined the state's witnesses and, particularly, highlighted the inconsistencies between M.D.'s testimony at trial and the statement he gave to police. Accordingly, we find that appellant did not receive ineffective assistance of trial counsel. Appellant's assignment of error is not well-taken.

{¶ 14} On consideration whereof, we find that appellant was not prejudiced or prevented from having a fair proceeding and the judgment of the Ottawa County Court of Common Pleas, Juvenile Division, is affirmed. Pursuant to App.R. 24, appellant is ordered to pay the costs of this appeal.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.                   _____
                                                 JUDGE

Stephen A. Yarbrough, J.

                                     _____

James D. Jensen, P.J.                               JUDGE
CONCUR.

                                     _____
                                                   JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.sconet.state.oh.us/rod/newpdf/?source=6.