[Cite as *State v. Hannah*, 2012-Ohio-204.]

IN THE COURT OF APPEALS FOR MONTGOMERY COUNTY, OHIO

STATE OF OHIO                                    :

    Plaintiff-Appellee                       :        C.A. CASE NO.    24162

v.                                               :        T.C. NO.    01 CR 607/3

TIMOTHY HANNAH                                   :        (Criminal appeal from
                                                          Common Pleas Court)

    Defendant-Appellant                      :


                                                 :

. . . . . . . . . .

**O P I N I O N**

Rendered on the _____20th_____ day of _____January_____, 2012.

. . . . . . . . . .

CARLEY J. INGRAM, Atty. Reg. No. 0020084, Assistant Prosecuting Attorney, 301 W. Third Street, 5th Floor, Dayton, Ohio 45422
        Attorney for Plaintiff-Appellee

LUCAS W. WILDER, Atty. Reg. No. 0074057, 120 West Second Street, Suite 400, Dayton, Ohio 45402
        Attorney for Defendant-Appellant

TIMOTHY HANNAH, #A418-860, Toledo Correctional Institute, 2001 E. Central Avenue, Toledo, Ohio 43608
        Defendant-Appellant

. . . . . . . . . .

FROELICH, J.

{¶ 1} Timothy Hannah has appealed from his July 1, 2010 re-sentencing on one count of murder, two counts of felonious assault, one count of illegal possession of a firearm in a liquor-permit establishment, and accompanying firearm specifications.

{¶ 2} On October 6, 2010, Hannah's appointed appellate counsel filed a brief pursuant to *Anders v. California* (1967), 386 U.S. 738, asserting the absence of any non-frivolous issues for our review. Upon receiving the *Anders* brief, we advised Hannah of his right to file a pro se brief assigning errors for our review. No pro se brief was received.

{¶ 3} On February 8, 2011, we reviewed counsel's *Anders* brief and agreed that the three potential issues counsel raised therein were frivolous. Conducting our own independent review, however, we concluded that appellate counsel had "viewed the record too narrowly when searching for appealable issues." In particular, we found that appellate counsel improperly had limited his review to re-sentencing issues. Although this ordinarily would be proper, we determined that a jurisdictional defect in Hannah's original termination entry rendered a prior direct appeal from his conviction and sentence a nullity. The defect involved the trial court's failure to set forth the manner of Hannah's convictions in its original termination entry, as required by Crim.R. 32(C). Therefore, we reasoned that the present appeal was Hannah's "first appeal as of right." As a result, we directed appellate counsel to file a new brief, as if no appeal previously had been filed.

{¶ 4} On March 4, 2011, the State moved for reconsideration of our *Anders* ruling. Alternatively, it requested a stay of further briefing pending a ruling by the Ohio Supreme Court in *State v. Lester*, Ohio Supreme Ct. Case No. 2010-Ohio-1007. On May 26, 2011, we overruled the motion for reconsideration. We sustained the motion to stay briefing, however,

noting that the Ohio Supreme Court was expected to decide in *Lester* whether an appeal from a revised sentencing entry to correct a Crim.R. 32(C) defect was a first appeal as of right.

{¶ 5} The Ohio Supreme Court decided *Lester* on October 13, 2011. See *State v. Lester*, __ Ohio St.3d __, 2011-Ohio-5204. It held that "[a] judgment of conviction is a final order subject to appeal under R.C. 2505.02 when it sets forth (1) the fact of the conviction, (2) the sentence, (3) the judge's signature, and (4) the time stamp indicating the entry upon the journal by the clerk." Id. at Syllabus. The fact that a judgment entry fails to set forth "the manner" of conviction does not affect its finality.[1] Id. at ¶12.

{¶ 6} In light of *Lester*, the State filed a November 10, 2011 motion to vacate the stay of briefing and to reconsider our denial of appointed appellate counsel's *Anders* brief. No responsive brief has been filed.

{¶ 7} Having reviewed *Lester*, we sustain the State's motion to lift the previously entered stay of briefing. We also sustain the State's motion for reconsideration of our February 8, 2011 decision and entry rejecting appellate counsel's *Anders* brief. *Lester* makes clear that the original termination entry in this case was a final, appealable order and that Hannah's present appeal from re-sentencing is not a first appeal as of right. Consequently, his present appeal is limited to issues related to his re-sentencing. In our February 8, 2011

---

[1] Parenthetically, we note that *Lester* authorized a trial court to add the manner of conviction to an existing judgment entry through a nunc pro tunc entry. The Ohio Supreme Court further determined that such a nunc pro tunc entry is not appealable. *Lester*, at ¶20. That determination does not preclude the present appeal, however, because the trial court did not use a nunc pro tunc entry to remedy the Crim.R. 32(C) problem. Instead, the trial court brought Hannah back to court for re-sentencing and filed the July 1, 2010 amended termination entry from which the present appeal has been taken.

decision and entry, we agreed with appointed appellate counsel that the three potential re-sentencing issues he raised were frivolous. Having conducted our own independent review of the record, as required by *Anders*, we likewise have found no non-frivolous issues for our consideration.

{¶ 8} Based on the reasoning set forth above, the judgment of the Montgomery County Common Pleas Court is affirmed.

. . . . . . . . . .

GRADY, P.J. and DONOVAN, J., concur.

Copies mailed to:

Carley J. Ingram
Lucas W. Wilder
Timothy Hannah
Hon. Mary Katherine Huffman