[Cite as *State v. Boswell*, 2017-Ohio-4053.]

COURT OF APPEALS
ASHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
| --- | --- | --- |
| STATE OF OHIO | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. Craig R. Baldwin, J. |
| Plaintiff-Appellee | : | Hon. Earle E. Wise, J |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 16-COA-020 |
| EDWARD M. BOSWELL | : |  |
|  | : |  |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:      Criminal appeal from the Ashland County Court of Common Pleas, Case No. 15-CRI-038

JUDGMENT:      Reversed and Remanded


DATE OF JUDGMENT ENTRY:      May 30, 2017

APPEARANCES:

For Plaintiff-Appellee

For Defendant-Appellant


CHRISTOPHER BALLARD
Assistant Prosecuting Attorney
110 Cottage Street
Third Floor
Ashland, OH  44805

MATTHEW MALONE
10 East Main Street
Ashland, OH 44805

*Gwin, P.J.*

{¶1} Appellant appeals the May 25, 2016 judgment entry of the Ashland County Court of Common Pleas.

*Facts & Procedural History*

{¶2} On March 12, 2015, appellant Edward Boswell was indicted on one count of burglary and one count of criminal damaging. Pursuant to a negotiated plea agreement, appellant pled guilty to the count of burglary on April 16, 2015 and the criminal damaging count was dismissed. On June 15, 2015, the trial court sentenced appellant to one hundred and eighty days in jail and four years of community control. Further, the trial court notified appellant at the sentencing hearing and in the sentencing hearing that if he violated his community control, he could serve up to eighteen months in prison.

{¶3} On December 8, 2015, appellant was charged with violating the conditions of his community control. Specifically, the complaint alleged two counts: (1) failure to report to the Adult Parole Authority within twenty-four hours of his unsuccessful termination from CROSSWAEH and (2) the unsuccessful termination from CROSSWAEH Community Based Correctional Facility. On December 17, 2015, appellant was charged with another community control violation for testing positive for THC.

{¶4} At an evidentiary hearing held on May 20, 2016, appellant pled guilty to the community control violations contained in the December 8, 2015 complaint. This Court can find no mention in the transcript of the December 17, 2015 complaint nor any mention of the drug screen violation. However, in the judgment entry issued by the trial court May 23, 2016, the trial court stated it determined appellant voluntarily, knowingly, and

intelligently entered an admission to the community control violations filed with the court on December 17, 2015.

{¶5} The trial court held a sanctioning hearing on May 24, 2016, and ordered appellant to serve sixteen months in prison. The judgment entry the trial court issued on May 25, 2016, captioned "Judgment Entry Sanctioning on the December 17, 2015 Community Control Violation" states the case "came on for sanctioning hearing on May 24, 2015, with regard to the community control violation filed on December 17, 2015."

{¶6} Appellant appeals the judgment entry of the Ashland County Court of Common Pleas and assigns the following as error:

{¶7} "I. THE TRIAL COURT ERRED BY ISSUING A SANCTION AGAINST DEFENDANT ON A COMMUNITY CONTROL COMPLAINT FOR WHICH HE DID NOT ENTER GUILTY PLEAS AND FAILING TO SANCTION DEFENDANT ON A SEPARATE COMMUNITY CONTROL COMPLAINT FOR WHICH HE DID ENTER GUILTY PLEAS."

I.

{¶8} In his assignment of error, appellant argues the trial court erred by issuing a sanction or sentence against him on the December 17, 2015 community control complaint because he was not found guilty of this violation. Further, that the trial court erred by failing to sentence appellant on the December 8, 2015 complaint. Appellee concedes the trial court erred in accepting pleas to the counts in the December 8, 2015 complaint but sentencing appellant on the count in the December 17, 2015 complaint.

{¶9} Though the trial court's sanctioning entry states it sentenced appellant on the December 17, 2015 complaint, appellant was never found guilty of the count in the December 17, 2015 complaint. There are four ways a defendant can be convicted of a

criminal offense: (1) plead guilty; (2) plead no contest and be convicted upon a finding of guilty by the court; (3) found guilty by a jury; and (4) found guilty by the court after a bench trial. *State v. Baker*, 119 Ohio St.3d 197, 2008-Ohio-3330, 893 N.E.2d 163. In this case, appellant did not enter a guilty plea or no contest plea, and his case was not tried to a jury or to the court. Since appellant was not found guilty of the December 17, 2015 complaint, the trial court erred in sentencing appellant on that count.

{¶10} Further, with regards to the failure of the trial court to sentence appellant on the December 8, 2015 complaint to which appellant entered guilty pleas, this Court does not have jurisdiction to decide that issue as there has been no sentence or sanction as a result of the guilty pleas to the counts contained in the December 8, 2015 complaint. It is a general sentencing principle that "a sentence must be pronounced before the process of appellate review can be instituted from a final judgment of conviction." *State v. Henderson*, 58 Ohio St.2d 171, 389 N.E.2d 494 (1979).

{¶11} To constitute a final appealable order, a judgment of conviction must include: (1) the fact of the conviction; (2) the sentence; (3) the judge's signature; and (4) the time-stamp indicating the entry upon the journal by the clerk. *State v. Lester*, 130 Ohio St.3d 303, 2011-Ohio-5204, 958 N.E.2d 142; Criminal Rule 32(C). Without these provisions, the judgment entry of conviction cannot be a final order subject to appeal under R.C. 2505.02. *Id.* In this case, the journal entry does not contain a sentence for the counts appellant pled guilty to in the December 8, 2015 complaint. Accordingly, there is no final appealable order with regards to appellant's guilty pleas to the December 8, 2015 complaint. See R.C. 2505.02. A court of appeals has no jurisdiction over orders

that are not final and appealable. Ohio Constitution, Article IV, Section 3(B)(2); R.C. 2953.02.

{¶12} Based on the foregoing, we sustain appellant's assignment of error. The sentenced imposed on the December 17, 2015 complaint is vacated. The judgment of the Ashland County Court of Common Pleas is reversed and remanded for sentencing on the December 8, 2015 complaint and the disposal of the December 17, 2015 complaint.

By Gwin, P.J.,

Baldwin, J., and

Wise, Earle, J., concur