[Cite as *State v. Whitt*, 2017-Ohio-7549.]

COURT OF APPEALS
COSHOCTON COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. Patricia A. Delaney, P.J. |
| Plaintiff - Appellee | : | Hon. William B. Hoffman, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | |
| STEPHEN H. WHITT | : | Case No. 2017CA0007 |
| | : | |
| Defendant - Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:       Appeal from the Coshocton County
Court of Common Pleas, Case No.
09 CR 0067

JUDGMENT:       Affirmed

DATE OF JUDGMENT:       September 8, 2017

APPEARANCES:

For Plaintiff-Appellee       For Defendant-Appellant

JASON W. GIVEN       STEPHEN H. WHITT, pro se
Coshocton County Prosecuting Attorney       LECI
318 Chestnut Street       PO Box 56
Coshocton, Ohio 43812       Lebanon, Ohio 45036

*Baldwin, J.*

**{¶1}** Appellant Stephen H. Whitt appeals a judgment of the Coshocton County Common Pleas Court denying his motion to "Nullify Judgment Entry and Discharge Defendant." Appellee is the State of Ohio.

STATEMENT OF THE FACTS AND CASE

**{¶2}** On July 20, 2009, the Coshocton County Grand Jury indicted appellant on two counts of rape in violation of R.C. 2907.02 and two counts of sexual battery in violation of R.C. 2907.03. Said charges arose from incidents involving a child when the child was twelve and thirteen years old.

**{¶3}** A bench trial commenced on April 13, 2010. By judgment entry filed April 15, 2010, the trial court found appellant guilty of all counts. By judgment entry of sentencing filed June 15, 2010, the trial court sentenced appellant to an aggregate indefinite term of twenty-five years to life in prison and then merged the sexual battery counts with the rape counts.

**{¶4}** Appellant appealed and this Court affirmed his conviction, but reversed the sentences on the sexual battery counts which had been imposed prior to the merge. *State v. Whitt*, 5th Dist. Coshocton App. No. 10–CA–10, 2011–Ohio–3022.

**{¶5}** On January 30, 2012, the trial court conducted a resentencing hearing. By judgment entry of resentencing filed February 8, 2012, the trial court merged the sexual battery counts with the rape counts and sentenced appellant to an aggregate indefinite term of twenty-five years to life in prison. The sentence was affirmed by this Court. *State v. Whitt,* 5th Dist. Coshocton App. No. 12–CA–3, 2012–Ohio–3094.

**{¶6}** On May 12, 2017, appellant filed a motion to nullify the judgment entry and discharge the defendant. The trial court overruled the motion on May 16, 2017. Appellant assigns three errors to this judgment entry:

**{¶7}** "I. THE COURT LACKED SUBJECT MATTER JURISDICTION UNDER CRIM. R. 7(D), WHICH DOES NOT PERMIT THE AMENDMENT OF AN INDICTMENT WHEN IT CHANGES THE PENALTY OR DEGREE OF THE CHARGES OF THE OFFENSES, THIS VIOLATED DUE PROCESS AND EQUAL PROTECTION, IN THE 14TH AMENDMENT.

**{¶8}** "II. THE JOURNAL ENTRY IS VOID, AND THIS CREATED THAT THE APPELLATE COURT HAD NO JURISDICTION TO HEAR AN APPEAL WITHOUT A PROPER JOURNAL ENTRY UNDER CRIM. R. 32(C), R.C. 2505.02, AND OHIO CONST. ART IV AND 3(B)(2).

**{¶9}** "III. THE TRIAL COURT NEVER ESTABLISHED VENUE BEYOND A REASONABLE DOUBT, AND THE VENUE STATUTE HAS SUBJECT MATTER JURISDICTION, AND TERRITORY WHICH THE STATE MUST PROVE BEYOND A REASONABLE DOUBT, (R.C.2901.12(A)), FEDERAL LAW IN VENUE STATUTE STATES THAT THE COURT MUST PROVE ALL OF THE CRIMES WERE COMMITTED IN COUNTY WHERE CRIME WAS COMMITTED."

I.

**{¶10}** In his first assignment of error, appellant argues that the court erred in permitting an amendment of the indictment that changed the penalty or degree of the charged offenses in violation of Crim. R. 7(D).

**{¶11}** Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding, other than a direct appeal from the judgment, any defense or lack of due process that was raised or could have been raised at the trial which resulted in the judgment of conviction, or on appeal from that judgment. *State v. Szefcyk*, 77 Ohio St.3d 93, 1996–Ohio–337, 671 N.E.2d 233, syllabus. A claimed error in the amendment of the indictment pursuant to Crim. R. 7(D) is barred by res judicata if not raised on direct appeal. *State v. Brust,* 4th Dist. Pike No. 95CA551, 1995 WL 716755 (November 20, 1995). As appellant could have raised this issue on direct appeal from his judgment of conviction and sentence, it is now barred by res judicata.

**{¶12}** The first assignment of error is overruled.

II.

**{¶13}** In his second assignment of error, appellant argues that this Court lacked subject matter jurisdiction over his 2010 appeal because the judgment of conviction and sentence did not comply with Crim. R. 32, and was thus not a final appealable order.

**{¶14}** In *State v. Baker*, the Ohio Supreme Court interpreted Crim.R. 32(C) and held that a judgment of conviction is not a final, appealable order unless it sets forth "(1) the guilty plea, the jury verdict, or the finding of the court upon which the conviction is based; (2) the sentence; (3) the signature of the judge; and (4) entry on the journal by the clerk of court." 119 Ohio St.3d. 197, 2008–Ohio–3330, 893 N.E.2d 163, at syllabus. *State v. Lester* later modified *Baker* by holding that a judgment of conviction need not state the manner of conviction (i.e., a plea or a verdict) in order to constitute a final, appealable order, but need only set forth (1) the fact of the conviction, (2) the sentence, (3) the judge's

signature, and (4) the time-stamp by the clerk. 130 Ohio St.3d 303, 2011–Ohio–5204, 958 N.E.2d 142, at paragraph one of the syllabus.

{¶15} The judgment entry which this Court reviewed in appellant's 2010 appeal states that he was found guilty after a bench trial, sets forth the sentence of the court, is signed by the judge, and was entered by the clerk of courts on the journal.   The judgment was a final, appealable order and this Court was not without jurisdiction to review appellant's 2010 appeal.

{¶16} The second assignment of error is overruled.

III.

{¶17} In his third assignment of error, appellant argues that the State failed to prove venue and subject matter jurisdiction at his trial.   This issue was raised in appellant's first appeal and found to be without merit.  *State v. Whitt,* 5th Dist. Coshocton App. No. 10–CA–10, 2011–Ohio–3022, ¶¶23-39.  Appellant's third assignment of error is therefore barred by res judicata.  *Szefcyk, supra*.

{¶18} The third assignment of error is overruled.

{¶19} The judgment overruling appellant's motion to nullify judgment and discharge defendant is affirmed.  Costs are assessed to appellant.

By: Baldwin, J.

Delaney, P.J. and

Hoffman, J. concur.