[Cite as *State v. Allen*, 2019-Ohio-4594.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 28266 |
| | : | |
| v. | : | Trial Court Case No. 1994-CR-1193 |
| | : | |
| PAUL EUGENE ALLEN | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 8th day of November, 2019.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by SARAH E. HUTNIK, Atty. Reg. No. 0095900, Assistant Prosecuting Attorney, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, 301 West Third Street, Dayton, Ohio 45422
            Attorney for Plaintiff-Appellee

PAUL EUGENE ALLEN, Inmate No. 308-052, P.O. Box 209, Orient, Ohio 43146
            Defendant-Appellant, Pro Se

. . . . . . . . . . . .

TUCKER, J.

{¶ 1} Appellant, Paul Allen, pro se, filed a motion in the Montgomery County Court of Common Pleas seeking to correct a purportedly void sentence. The trial court overruled the motion, and Allen appeals. Allen's sentence was not void; thus, the trial court's order will be affirmed.

## Facts and Procedural History

{¶ 2} In 1995, following a jury trial, Allen was found guilty of murder and felonious assault. Allen was sentenced accordingly, but the judgment entry of conviction did not include the manner of conviction (in this case, a jury trial), as then required by Crim.R. 32(C). Allen's conviction was affirmed on direct appeal, but the manner of conviction issue was neither raised nor discussed. *State v. Allen*, 2d Dist. Montgomery No. 15162, 1996 WL 338679 (June 21, 1996).

{¶ 3} In August 2010, Allen filed a pro se motion seeking " * * * De Novo Resentencing To Achieve A 'Final Appealable Order' Under [R.C. 2505.02] & Crim.R. 32(C)." This motion was prompted by *State v. Baker*, 119 Ohio St.3d 197, 2008-Ohio-3330, 893 N.E.2d 163, wherein the court, at least arguably, ruled that a judgment entry of conviction which did not include the manner of conviction was not a final appealable order. In response, the trial court filed a nunc pro tunc judgment entry on September 3, 2010, which specified that Allen was found guilty by a jury. Allen did not appeal from the filing of the nunc pro tunc judgment entry.

{¶ 4} Eight years later, Allen, again acting pro se, filed another motion, styled as a "Motion For Re Sentencing Pursuant To Crim.R. 43(A) A Void Sentence Not A Final

Appealable Order." This motion sought resentencing and, more specifically, the reopening of the appellate process regarding the 1995 jury verdict. The trial court overruled this motion, and Allen filed this appeal.

## Analysis

{¶ 5} Allen asserts the following assignments of error:

1. Did the trial court err by failing to have Defendant present at Re Sentencing hearing held on the September 3rd 2010 Nunc Pro Tunc hearing pursuant to Crim.R. 43(A).

2. Trial court committed Plain Error at trial in 1994 [sic] when it denied appellant a Mistrial in violation of appellant's Due Process and Right to a fair and impartial trial when the court allowed comments in the presence of the jury that defendant was incarcerated.

3. Appellant Paul Allen contends that his trial counsel rendered ineffective assistance of counsel's duties at trial by failing to object to Witness testimony that defendant was incarcerated, in violation of Defendant's Right to a fair trial and due process equal protection.

4. Appellant Paul Allen contends that his trial counsel Rendered ineffective assistance of counsel with the choices made to not request dismissal of the entire case after the trial court granted defendant's suppression of Miranda Rights not being applied in defendant Paul Allen's case that resulted in Fruits of the poisonous tree.

{¶ 6} In order to understand Allen's argument, it is necessary to discuss *State v.*

*Baker* and the Supreme Court's clarification of *Baker* set forth in *State v. Lester*, 130 Ohio St.3d 303, 2011-Ohio-5204, 958 N.E.2d 142. *Baker* held as follows:

> A judgment of conviction is a final appealable order under R.C. 2505.02
> when it sets forth (1) the guilty plea, the jury verdict, or the finding of the
> court upon which the conviction is based; (2) the sentence; (3) the signature
> of the judge; and (4) entry on the journal by the clerk of court. (Crim.R.
> 32(C), explained.)

*Baker* at syllabus. The ruling was an attempt to resolve a certified conflict between appellate districts concerning "what a judgment of conviction must include pursuant to Crim.R. 32(C) to become a final appealable order." *Id.* at ¶ 1. But, the attempted resolution caused confusion regarding whether a sentencing entry's omission of the manner of conviction affected the finality of the sentencing entry.

{¶ 7} In *State v. Lester*, the Supreme Court resolved this confusion. *Lester* sanctioned a trial court's use of a nunc pro tunc entry to correct a Crim.R. 32(C) manner of conviction omission. It held:

> * * * The sole purpose of the nunc pro tunc entry was to correctly state that
> appellant's original conviction was based on a jury verdict, a fact that was
> obvious to the court and all the parties. It is apparent, then, that the nunc
> pro tunc entry merely corrected a clerical omission in the resentencing order
> and made the entry reflect what had already happened, which was
> appellant's conviction by jury verdict. The trial court's addition indicating
> how appellant's conviction was effected affected only the form of the entry
> and made no substantive changes. Accordingly, we hold that a nunc pro

tunc judgment entry issued for the sole purpose of complying with Crim.R.
32(C) to correct a clerical omission in a final judgment entry is not a new
final order from which a new appeal may be taken.

*Lester* at ¶ 20. Thus, the nunc pro tunc judgment entry of conviction filed in this case complied with the procedure *Lester* outlines, and the original 1995 judgment entry was, all along, a final appealable order.

{¶ 8} Allen acknowledges the 2010 nunc pro tunc entry, but asserts that the inclusion of "3-16-95" (the date the original judgment entry was filed) in the nunc pro tunc entry's caption makes it appear that the later entry was filed in March 1995, not September 2010. From this, Allen suggests that the nunc pro tunc entry did not correct the manner of conviction omission, and, as a result, a final appealable judgment entry has yet to be filed. Allen also asserts that since he was not present for a hearing regarding the nunc pro tunc entry, the filing of the entry violated Crim.R. 43(A), which requires that a defendant must be present for all stages of a criminal proceeding against him. Each contention is incorrect.

{¶ 9} The inclusion of the date the original judgment entry was filed in the caption of the nunc pro tunc judgment entry accurately reflects the purpose of a nunc pro tunc entry. " 'Nunc pro tunc' means 'now for then' and is commonly defined as '[h]aving retroactive effect through a court's inherent power.' " *Lester* at ¶ 19, quoting *Black's Law Dictionary* 1174 (9th Ed.2009). Thus, a nunc pro tunc entry has retroactive application to the judgment entry that it corrects, in this case the March 16, 1995 judgment entry. The inclusion of this date in the caption of the nunc pro tunc judgment entry simply, and accurately, reflected that the September 2010 nunc pro tunc entry had the discussed

retroactive application. Further, as *Lester* verified, the March 16, 1995 judgment entry, despite the omission of the manner of conviction, was the final appealable order resulting from Allen's conviction.

{¶ 10} Since the September 2010 nunc pro tunc entry was filed to reflect that which had already occurred – the 1995 conviction – Allen's argument that he was not present for any hearing associated with the nunc pro tunc judgment entry, in violation of Crim.R. 43(A), is without merit. The record reflects the trial court did not conduct such a hearing, and, since the nunc pro tunc termination entry was filed to retroactively reflect that which had already occurred, there was no need to conduct a hearing. Allen's first assignment of error is overruled.

{¶ 11} Allen's remaining assignments of error relate to issues not raised in the motion prompting this appeal. "It is fundamental that an appellate court will not entertain an issue not raised in the trial court." *State v. White*, 2d Dist. Miami No. 82 CA 6, 1982 WL 3773, *2 (August 12, 1982). Even if this were not so, Allen's remaining assignments of error could have been raised in his initial appeal. Thus, these assignments of error are barred by res judicata. *State v. Flanigan*, 2d Dist. Montgomery No. 22356, 2008-Ohio-4135. Assignments of error 2-4 are overruled.

## Conclusion

{¶ 12} Finding no merit in Allen's assignments of error, the judgment of the Montgomery County Common Pleas Court is affirmed.

. . . . . . . . . . . .

DONOVAN, J. and HALL, J., concur.

Copies sent to:

Mathias H. Heck, Jr.
Sarah E. Hutnik
Paul Eugene Allen
Hon. Mary Katherine Huffman