[Cite as *State v. Allen*, 2021-Ohio-2783.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**MONTGOMERY COUNTY**

STATE OF OHIO

      Plaintiff-Appellee

v.

PAUL EUGENE ALLEN

      Defendant-Appellant

:
:
:
:
:
:
:
:
:
:
:
:

Appellate Case No. 29005

Trial Court Case No. 1994-CR-1193

(Criminal Appeal from
Common Pleas Court)

. . . . . . . . . . .

O P I N I O N

Rendered on the 13th day of August, 2021.

. . . . . . . . . . .

MATHIAS H. HECK, JR. by ELIZABETH A. ELLIS, Atty. Reg. No. 0074332, Assistant Prosecuting Attorney, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, 301 West Third Street, 5th Floor, Dayton, Ohio 45422
      Attorney for Plaintiff-Appellee

PAUL EUGENE ALLEN, #A308-052, P.O. Box 209, Orient, Ohio 43164
      Defendant-Appellant, Pro Se

. . . . . . . . . . . .

HALL, J.

{¶ 1} Paul Eugene Allen appeals pro se from the trial court's decision, order, and entry overruling his "Motion to Correct a Facially Illegal, Void Sentence Based on Criminal Rule 52(B) Plain Error Analysis."

{¶ 2} In his sole assignment of error, Allen contends the trial court erred "when it granted Appellant's suppression hearing stating that his *Miranda* rights had been violated, yet failed to grant Appellant relief pursuant to *Miranda v. Arizona*."

{¶ 3} The record reflects that Allen was convicted of murder and felonious assault in 1995 and sentenced to prison. In response to a motion from Allen, the trial court filed a nunc pro tunc judgment entry in 2010 specifying that he had been found guilty by a jury. Thereafter, Allen filed a 2018 motion seeking to correct a purportedly void sentence. In support, he argued, among other things, that the trial court's decision sustaining a suppression motion due to a *Miranda* violation had not been "applied" during his 1995 trial. The trial court overruled the motion, and we affirmed. *See State v. Allen*, 2d Dist. Montgomery No. 28266, 2019-Ohio-4594. In so doing, we noted that any argument about the trial court's application of a suppression ruling at trial could have been raised on direct appeal and was barred by res judicata. *Id.* at ¶ 11.

{¶ 4} Allen then filed his present motion on October 22, 2020. He argued that the trial court found a *Miranda* violation and sustained his suppression motion in 1995 but failed to grant him any "relief." On that basis, he asserted that his conviction was invalid and that his sentence was void. The trial court addressed Allen's argument in a comprehensive 10-page decision. It reviewed the record and noted that certain statements Allen made while in custody had been suppressed prior to his trial. The trial

court further noted that those statements were not used during the prosecution's case in chief. The suppressed statements were used by the prosecution in rebuttal, however, without objection, after Allen testified in his own defense. The trial court then cited case law establishing that otherwise voluntary statements obtained in violation of *Miranda* may be used to rebut a defendant's trial testimony. The trial court further found that Allen's motion was untimely and not supported by evidence outside the record regardless of whether it was characterized as a petition for post-conviction relief, a motion for leave to seek a new trial, or something else. Finally, the trial court determined that any argument about statements obtained in violation of *Miranda* being used against Allen was barred by res judicata.

{¶ 5} On appeal, Allen asserts that his sentence is void because his conviction resulted in part from illegally-obtained evidence, namely the statements obtained in violation of *Miranda*. In his reply brief, Allen urges us not to apply res judicata where his suppression motion was sustained but the prosecution used the suppressed statements to rebut his own trial testimony. He argues that allowing the prosecution to use the statements in rebuttal deprived him of the protection afforded by *Miranda*.

{¶ 6} Upon review, we find that the trial court correctly and thoroughly addressed the issues raised by Allen's motion. Even setting aside the extreme untimeliness of the motion, his argument about the improper admission of suppressed statements at trial could have been raised on direct appeal. Therefore, the trial court correctly found res judicata applicable. The trial court also correctly observed that the State was permitted to use the suppressed statements to rebut Allen's testimony. " 'Under *Harris v. New York* (1971), 401 U.S. 222, 91 S.Ct. 643, 28 L.Ed.2d 1, the state can use an accused's

voluntary, but un-*Mirandized* statement to impeach trial testimony[.]' " *State v. Mack*, 2d Dist. Montgomery No. 26749, 2016-Ohio-6958, ¶ 39, quoting *State v. Hill*, 75 Ohio St .3d 195, 661 N.E.2d 1068 (1996). Finally, even if Allen's legal argument about the *Miranda* violation had merit (which it does not), his prison sentence would not be void. An error in the admission of evidence at trial does not render a defendant's sentence void.

{¶ 7} For the foregoing reasons, we overrule Allen's assignment of error and affirm the judgment of the Montgomery County Common Pleas Court.

. . . . . . . . . . . . .


TUCKER, P.J. and EPLEY, J., concur.


Copies sent to:

Mathias H. Heck, Jr.
Elizabeth A. Ellis
Paul Eugene Allen
Hon. Mary Katherine Huffman